■ In the Matter of KRAUS MANAGEMENT, INC., Appellant, v STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the State of New York, Division of Housing and Community Renewal granting a rent rollback, the petitioner Kraus Management, Inc. appeals from a judgment of the Supreme Court, Queens County (Pitaro, J.), dated June 15, 1987, which dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

In January 1984 the tenants in an apartment in a building owned by the petitioner filed a complaint with the respondent State of New York, Division of Housing and Community Renewal (hereafter DHCR) alleging that they had not been provided with prior leases to their apartment as required by

Code of the Rent Stabilization Association of New York City, Inc. § 42 (A) and they therefore believed that the rent they were paying was above the legal limit.

In August 1984 the petitioner received a copy of the complaint along with forms on which to submit an answer. The forms indicated that in order for the petitioner to prove that the rent being charged was the legal amount it had to provide "complete copies of all leases * * * covering the entire period from the Base Rent Date to the date on which the tenant * * * took occupancy". If a lease was not available the landlord was permitted to "submit rent ledgers or other satisfactory proof of rent collected for the subject apartment". In the instant case the base rent date was June 30, 1974.

Initially, the petitioner failed to file an answer, and in August 1985 an order granting a rent rollback for the subject apartment was issued by the DHCR. The petitioner filed an administrative appeal and attached to it its answer to the complaint, along with proof of the apartment's rental history. The evidence submitted included leases covering the period from April 1975 through August 1981 when the current tenants had taken occupancy. The petitioner alleged that it could not locate the lease in effect as of June 30, 1974, but instead was submitting "an internal business record called a 'rent calculation sheet' which shows the base rent for this apartment". The rent calculation sheet was prepared in 1982 shortly after the petitioner took over the property and was made "by our management after reviewing this apartment's lease file".

In a decision dated March 31, 1986, the DHCR vacated the prior default judgment and conducted a de novo review of the evidence submitted to determine if the petitioner had submitted satisfactory proof of the apartment's rental history. The agency rejected the rent calculation sheet as proof of the June 1974 rent "since the 1982 document is not a business record drafted contemporaneously with the events it is attempting to prove". The agency therefore upheld its prior decision granting a rent rollback.

The petitioner then commenced the instant proceeding alleging that it was arbitrary and capricious of the DHCR to reject as a business record the rent calculation sheet. The Supreme Court found that, contrary to the petitioner's contentions, the "rent calculation sheet" was not a business record and therefore its rejection by the DHCR was not arbitrary and capricious.

On appeal, the petitioner still claims that the rent calculation sheet is a business record pursuant to CPLR 4518 (a) since it was made in the regular course of business and it was the petitioner's regular course of business to prepare such documents. In order for a document to be accepted as a business record it must meet certain foundation requirements: *"[F]irst,* that the record be made in the regular course of business—essentially, that it reflect a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business; *second,* that it be [in] the regular course of such business to make the record * * * essentially that the record be made pursuant to established procedures for the routine, habitual, systematic making of such a record; and *third,* that the record be made at or about the time of the event being recorded" *(People v Kennedy,* 68 NY2d 569, 579-580).

A review of the record herein reveals that the rent calculation sheet does not meet these foundational requirements. In the case at bar the rent calculation sheet was prepared only one time, not by the petitioner in the conduct of his business, but by an employee of the petitioner's attorney as part of a reorganization of the lease files. Therefore the document was not part of a "routine, regularly conducted business activity" nor was it "made pursuant to established procedures for the routine, habitual, systematic making of such a record" *(People v Kennedy, supra,* at 579-580). Since the rent calculation sheet was not a business record the decision of the DHCR to reject it as proof of the June 1974 base rent was not arbitrary and capricious. Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.