■ In the Matter of REGINA FELTON, Appellant, v DONALD M. HALPERIN, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents. [644 NYS2d 536]

The petitioner purchased the building located at 310 Hicks Street in Brooklyn from the estate of the former owner. The building was constructed prior to 1947 and was never registered in accordance with the New York rent control laws. At the time of her purchase, the petitioner had been informed that there was a tenant residing in the building. Thereafter, the petitioner served a notice of termination on the tenant.

At the request of the tenant's daughter, the Rent Administrator commenced a proceeding to determine the rent-control status of the apartment. The Rent Administrator issued an order finding that the apartment was rent-controlled. The petitioner filed a petition for administrative review of the determination and an application for reconsideration. The case was reopened, and thereafter, the Rent Administrator issued an order affirming the determination that the apartment was rent-controlled. The petitioner filed a petition for administrative review of the determination, which the Supreme Court remitted for decision to the respondents. By a determination dated June 10, 1994, the respondents affirmed the earlier order. Thereafter, the petitioner filed this proceeding pursuant to CPLR article 78 seeking, *inter alia*, the annulment of the respondents' determination. The Supreme Court confirmed the determination.

On appeal, the petitioner argues, *inter alia*, that the respondents acted arbitrarily and capriciously and abused their discretion in finding a rent-controlled tenancy, in placing the burden on the petitioner to rebut the tenancy, in ignoring evidence that showed that the tenant actually lived somewhere else, and in its construction of the submitted evidence.

"In reviewing the judgment appealed from, this court is limited to a review of the record which was before [the Division of Housing and Community Renewal] and to the question of whether the determination of the agency was arbitrary and capricious and without rational support" *(Matter of Mazel Real Estate v Mirabal,* 138 AD2d 600, 601; *see also, Matter of Colton v Berman,* 21 NY2d 322, 329; *Matter of Kraus Mgt. v State of New York, Div. of Hous. & Community Renewal,* 137 AD2d 689, 691).

Based on the record before the respondents, the decision that the tenant was entitled to rent-control protection was supported by a rational basis and was not arbitrary and capricious. Miller, J. P., Copertino, Santucci and Altman, JJ., concur.