██ JOSEPH A. MURPHY et al., Appellants, v ANTHONY TELESHA et al., Appellants, and KENNETH M. GANG et al., Respondents, et al., Defendant.— In a medical malpractice action, the appeals are from so much of an order of the Supreme Court, Westchester County, dated October 4, 1978, as granted the motion of defendants Gang and Kasoff to vacate the determination of the medical malpractice panel and directed the appointment of a new panel to conduct a hearing de novo. (We deem leave to appeal to have been granted by the order of this court dated October 20, 1978, which granted a stay.) Order affirmed insofar as appealed from, without costs or disbursements. It is incumbent upon an attorney to inform his clients of the composition of the medical malpractice panel which has been convened in his case, so that timely objection thereto can be made (see Judiciary Law, § 148-a, subd 2, par [d]; 22 NYCRR 684.4 [c]). Where, however, the untimely revelation of these facts leads to the discovery of circumstances which may tend to cast doubt upon the integrity of the panel's findings, counsel's neglect should not be permitted to operate to his client's prejudice, be it real or apparent. The fact no less than the appearance of impartiality is a valued attribute of the medical malpractice panels which must be preserved in defense of the statutory scheme, and when, to that end, a finding must be vacated and a de novo hearing conducted due to counsel's omission, this court in the future may well consider the imposition of appropriate costs upon counsel personally. On the facts of the instant case, it is our opinion that Special Term properly exercised its discretion in vacating the findings of the medical malpractice panel which had been convened herein and in directing a hearing de novo (see De Camp v Good Samaritan Hosp., 66 AD2d 766 [2d Dept, decided Dec. 4, 1978]). Hopkins, J. P., Titone, O'Connor and Cohalan, JJ., concur.