■ JOSHUA R. SANTOLA, an Infant, by His Mother, TERRY SANTOLA, et al., Respondents, v HENRY EISENBERG, Appellant. — Judgment unanimously affirmed, with costs. Memorandum: In his appeal from a judgment after a jury trial in a malpractice case, defendant obstetrician contends, among other

things, that the court improperly vacated the recommendàtion of the medical malpractice panel. We disagree. During examination of an administrative employee of the hospital (after the trial had been in progress for approximately three weeks), the court and plaintiffs' counsel were apprised for the first time that Dr. Thornton, the physician panel member, was present on October 15, 1973 at a meeting of the Department of Obstretrics-Gynecology of Community General Hospital (of which both Dr. Thornton and defendant were members) when the procedures followed during the delivery of infant plaintiff were reviewed and defendant doctor "gave his viewpoints and led the discussion" pertaining thereto. Plaintiffs moved immediately for an order vacating the panel recommendation. The court's action in granting the motion was manifestly proper. As stated in *De Camp v Good Samaritan Hosp.* (66 AD2d 766, 767-768): "The test is not whether actual bias existed, but whether the circumstances would give the appearance of bias or be reasonably regarded as bias * * * Basic to every judicial and quasi-judicial proceeding is that the integrity of the decision-making body must be above reproach and even the appearance of impropriety should be avoided * * * It is imperative that a person acting in a judicial or quasi-judicial capacity divulge any previous or present associations with parties or their agents which might cast doubt on his impartiality. Such disclosure is essential in order to afford other parties to the proceeding an opportunity to make an independent decision as to whether to accept such individual notwithstanding his past or present associations" (see, also, *Scott v Brooklyn Hosp.,* 93 AD2d 577; *Murphy v Telesha,* 67 AD2d 701). After vacating the panel recommendation, the court denied defendant's motion for a mistrial and for an order directing a hearing *de novo* before a new medical malpractice panel upon the ground that to have allowed a mistrial "after this lawsuit had absorbed 3 weeks of the time of the litigants and of the Supreme Court, would be to substantively award a benefit to those parties upon whom there was a duty and responsibility to come forward and to reveal factors which were exclusively within their control." We hold under these circumstances that the court's direction that the trial proceed to a conclusion was a proper exercise of its discretion. We have examined defendant's other arguments and find no basis for reversal. (Appeal from judgment of Supreme Court, Onondaga County, Miller, J. — medical malpractice.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.