■ RUDOLPH GIERKE, JR., Appellant, v EVERETT W. WOOD-

WORTH et al., Respondents.

Memorandum: The physician member of the medical malpractice panel was, at the time of the determination by the panel, a member of the courtesy staff of the defendant hospital. A partner of the attorney for the defendant doctor had previously, albeit briefly, represented the physician panel member. Neither the physician nor the attorney disclosed these facts to the other parties to the lawsuit.

In deciding whether the determination of the panel should be vacated, the appropriate test is not whether actual bias existed, but whether the circumstances would give the appearance of bias (*Santola v Eisenberg,* 96 AD2d 716; *De Camp v Good Samaritan Hosp.,* 66 AD2d 766; *King v Retz,* 115 Misc 2d 836, 841 [Balio, J.]). It is incumbent upon members of a malpractice panel to divulge their previous or present associations with the parties to the action to afford the other parties an opportunity to object to their designation (*see,* Judiciary Law § 148-a [2] [d]; *Santola v Eisenberg, supra; De Camp v Good Samaritan Hosp., supra).* Here the circumstances, including the failure of the panel member to disclose his associations with the defendant hospital and with the partner of the attorney for the defendant doctor, give rise to an appearance of impropriety requiring the vacation of the panel's determination. (Appeal from order of Supreme Court, Erie County, Fudeman, J.—vacate malpractice panel decision.) Present—Denman, J. P., Boomer, Green, Pine and Balio, JJ.