■ MICHAEL KINGSTON, Appellant, v MEMORIAL HOSPITAL OF GREENE COUNTY et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals, by permission, from an order of the Supreme Court, Rockland County (Kelly, J.), dated June 7, 1988, which denied his motion to vacate the finding of a medical malpractice panel and for a hearing de novo before a new medical malpractice panel.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion is granted.

It is well established that an appearance of impropriety exists when an attorney-client relationship currently exists in an unrelated case between a panelist and a party or attorney appearing before the medical malpractice panel (see, Scott v Brooklyn Hosp., 93 AD2d 577, 580; De Camp v Good Samaritan Hosp., 66 AD2d 766; Gierke v Woodworth, 124 AD2d 987). The question of whether a prior attorney-client relationship gives rise to an appearance of impropriety must rest upon the facts and circumstances of each case. Some relevant factors to consider include the length of the period of time which has elapsed since the prior representation, the present relationship of the parties, and the similarity between the types of actions (see, Gierke v Woodworth, supra; Virgo v Bonavilla, 71 AD2d 1051, affd 49 NY2d 982; Kletnieks v Brookhaven Mem. Assn., 53 AD2d 169; King v Retz, 115 Misc 2d 836). Applying these factors to the case at bar, we find that the plaintiff's motion should have been granted. Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.