■ **Anthony Pagano**, Individually and as Executor of **Margaret Pagano**, Deceased, Respondent, v **Genesee Hospital, Inc.**, Appellant.—Order unanimously affirmed with costs. Memorandum: Defendant appeals from an order which upheld a liability verdict in favor of plaintiff on plaintiff's claim that defendant was negligent and/or guilty of medical malpractice

in allowing plaintiff's decedent to fall out of her hospital bed. Defendant contends that the court erred in vacating the decision of the medical malpractice panel and allowing the case to go to the jury instead of declaring a mistrial and directing that the case be remitted to a new medical malpractice panel. We conclude that the court properly vacated the decision of the medical malpractice panel on the ground that the physician panelist's affiliation with defendant created the appearance of impropriety (see, Gierke v Woodworth, 124 AD2d 987, 988; Santola v Eisenberg, 96 AD2d 716, 717; Scott v Brooklyn Hosp., 93 AD2d 577, 579-580; Schmitt v Kantor, 83 AD2d 862; De Camp v Good Samaritan Hosp., 66 AD2d 766, 767-768; King v Retz, 115 Misc 2d 836, 841, 843-844). The physician panelist testified that he had given lectures and had participated in conferences at defendant hospital and had attended planning meetings with defendant's administrators. Moreover, he was professionally and socially familiar with many doctors on defendant's staff, including the patient's attending physician who, at an earlier stage in this action, was a named defendant. Finally, the attending physician and many other members of defendant's staff were colleagues of the physician panelist on the University of Rochester faculty.

We also conclude that the court properly allowed the trial to proceed. In the circumstances presented here, it was appropriate for the court in its discretion to deny defendant's motion for a mistrial and a new hearing (see, Santola v Eisenberg, supra). Defendant was in the best position to avert the appearance of impropriety by revealing its affiliation with the physician panelist (see, Santola v Eisenberg, supra). Moreover, the case had already been extensively delayed by the difficulty in constituting a medical malpractice panel. In view of the patient's death shortly before trial, it cannot be disputed that such delay prejudiced plaintiff. Finally, plaintiff is elderly and likely would have been prejudiced by any further delay in prosecuting the action. (Appeal from order of Supreme Court, Monroe County, Provenzano, J.—set aside verdict.) Present—Dillon. P. J., Callahan, Denman, Green and Lawton, JJ.