■ In the Matter of SUSAN R. SYQUIA, Respondent, v BOARD OF EDUCATION OF THE HARPURSVILLE CENTRAL SCHOOL DISTRICT et al., Appellants, et al., Respondents.—Crew III, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered March 21, 1991 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Education of the Harpursville Central School District terminating petitioner's employment as a teacher.

In 1985 respondent Board of Education of the Harpursville Central School District (hereinafter the Board) preferred disciplinary charges against petitioner, a tenured secondary school teacher employed by the Board for over 25 years. The charges included allegations of incompetency and insubordination. Pursuant to Education Law § 3020-a petitioner requested a hearing. Consequently, respondent Henry Stafford was chosen by petitioner as a Hearing Panel member, respondent Richard

McLean was chosen by the Board as a Hearing Panel member and they, in turn, selected respondent William Babiskin to serve as the Hearing Panel chairperson. Pursuant to Education Law § 3020-a the chairperson received a per-diem fee of $200 under the auspices of the American Arbitration Association while the other panel members were paid a $50 per-diem fee from a fund established and maintained by respondent Commissioner of Education. Unbeknownst to petitioner and the other two Hearing Panel members, McLean sought and obtained from the Board an additional $100 per-diem fee. Between 1985 and 1988, the Hearing Panel conducted 46 days of hearings and issued a determination on May 22, 1990 finding petitioner not guilty of incompetence but guilty of insubordination, and recommended her termination. The Hearing Panel's findings and recommendations were accepted and implemented by the Board.

On May 25, 1990 petitioner's attorney learned, for the first time, that McLean was paid by the Board an additional $100 per-diem fee for his services. Petitioner thereafter commenced this CPLR article 78 proceeding asserting that her right to due process was violated by reason of the Board's payments of additional fees to McLean. In addition to the answers interposed by respondents, McLean submitted an affidavit in which he admitted receipt of the additional moneys from the Board. Supreme Court determined that petitioner was denied due process and, *inter alia,* ordered a new hearing. The Board and Babiskin (hereinafter collectively referred to as respondents) have appealed. We affirm.

Contrary to respondents' assertions, the issue before us is not whether actual bias existed but, rather, whether the Board's payments to a Hearing Panel member conveyed the appearance of impropriety. To ask the question is to answer it. "It is beyond dispute that an impartial decision maker is a core guarantee of due process, fully applicable to adjudicatory proceedings before administrative agencies" *(Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.,* 75 NY2d 158, 161). Implicit in such considerations of impartiality is that the decision-making body be above reproach and even the appearance of impropriety must be avoided *(see, e.g., Gierke v Woodworth,* 124 AD2d 987). As observed in *Gierke v Woodworth (supra,* at 988), "[i]n deciding whether the determination of the panel should be vacated, the appropriate test is not whether actual bias existed, but whether the circumstances would give the appearance of bias". To us it seems utter sophistry to suggest that the appearance of bias does not exist

in a case where a litigant makes payments to a Hearing Panel member charged with impartially determining the outcome of the litigation. Accordingly, Supreme Court's judgment should be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs. *[See,* 149 Misc 2d 463.]