■ In the Matter of Thomas Joseph, Petitioner, v Edward Stolzenberg, as Acting Commissioner of Hospitals of the County of Westchester, et al., Respondents. [604 NYS2d 198] — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Acting Commissioner of Hospitals of the County of Westchester, dated March 25, 1991, which, after a hearing, found the petitioner guilty of misconduct and suspended him without pay for a period of 60 days from his position as a Senior Nursing Aide at the Westchester County Medical Center.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

We reject the petitioner's contention that the Hearing Officer should have disqualified himself as a matter of due process because he had heard testimony concerning similar charges in a prior proceeding *(see, Matter of Willett v Dugan,* 161 AD2d 900, 901). There is no indication that the Hearing Officer had prejudged the specific facts of this dispute because of his involvement in the prior proceeding *(see, Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.,* 75 NY2d 158, 161-162). We are satisfied that the Hearing Officer's findings and recommendation were based solely on matters of record *(see, Matter of Simpson v Wolansky,* 38 NY2d 391). Hence, we conclude that the petitioner was not denied his right to a fair hearing and an impartial Hearing Officer *(see,* Civil Service Law § 75 [2]; *Matter of Gioe v Board of Educ.,* 126 AD2d 723, 724).

Furthermore, we find that the Acting Commissioner's determination was supported by substantial evidence *(see, Matter of*

*Jeremias v Sander,* 177 AD2d 488), and that the penalty imposed was not so disproportionate to the petitioner's misconduct, in light of all the circumstances, as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Thompson, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.