In the Matter of LARRY ROBERTS, Petitioner, v EDWARD STOLZENBERG, as Acting Commissioner of Hospitals of the County of Westchester, et al., Respondents. [609 NYS2d 360] — Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondents which found petitioner guilty of misconduct and demoted him.

Petitioner was employed as a food service supervisor at the Ruth Taylor Institute of Westchester County Medical Center. Following administrative proceedings pursuant to Civil Service Law § 75, petitioner was found guilty of four specifications of misconduct and/or incompetence and demoted to the position of senior dietary aide. Initially, we reject the contention that the determination should be annulled because the Hearing Officer, who presided over a prior disciplinary proceeding against petitioner, refused to recuse himself. The mere fact that the Hearing Officer had previously rendered findings of fact adverse to petitioner did not require that he recuse himself, and he did not improvidently exercise his discretion in declining to do so (see, Matter of Hickey v Bratton, 180 AD2d 682, lv denied 80 NY2d 756; Matter of Hall v Del Castillo, 174 AD2d 743). Petitioner has failed to otherwise satisfy his burden of making a "factual demonstration to support the allegation of bias and proof that the outcome flowed from it" (Matter of Warder v Board of Regents, 53 NY2d 186, 197, cert denied 454 US 1125). A contrary result is

not required by the decision of the Court of Appeals in *Matter of Bigelow v Board of Trustees* (63 NY2d 470), which held that after a civil service employee has been found guilty of misconduct, the municipal employer may consider material included in the employee's employment record in determining an appropriate penalty, but only after the employee is given notice of the data to be considered and an opportunity to submit a written response.

We also reject the contention that the determination was not supported by substantial evidence in the record. The testimony of Hubert Brown and Robert Samuels provides ample evidentiary support for the findings that petitioner confronted and verbally abused Brown on November 30, 1990 and confronted, verbally abused and acted in an unprofessional manner toward Samuels on November 30, 1990 and December 1, 1990. Although contrary testimony by petitioner and Victor Quarless may have supported a finding that petitioner was not guilty of some or all of the charges, the conflicting evidence merely created a factual issue for the Hearing Officer's determination (*see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444). Petitioner's remaining arguments, including the attack on the penalty imposed, have been considered and rejected.

Cardona, P. J., Crew III, White and Weiss, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.