■ In the Matter of WILLIAM BELL, Petitioner, v PETER COSGROVE, as Commissioner of the Suffolk County Police Department, et al., Respondents. [633 NYS2d 183] —Proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Police Department, dated October 22, 1993, which, after a hearing, found the petitioner guilty of various charges and recommended termination of his employment.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

The petitioner was dismissed from his position as a Suffolk County Police Officer upon being found guilty of an array of charges following a departmental disciplinary hearing. The charges included insubordination for contacting witnesses during an Internal Affairs investigation in violation of direct orders not to do so, unauthorized possession of police radios and giving those radios to unauthorized persons, engaging in unauthorized employment while on injury leave, failing to submit an outside employment report, and knowingly giving false information to Internal Affairs during its investigation.

In order to annul an administrative determination made after a hearing, a court must conclude that the determination is not supported by substantial evidence on the record when read as a whole (see, Matter of Lahey v Kelly, 71 NY2d 135; Matter of Berenhaus v Ward, 70 NY2d 436). Contrary to the petitioner's contention, there was ample evidence to support the findings in this case.

The petitioner's contention that the appointment of the Hearing Officer was improper because the appointment "create[d] a suspicion as to his fairness and impartiality" is likewise without merit. The Hearing Officer was appointed in accordance with Civil Service Law § 75 (2) and there is no evidence in the record of any bias (see, Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833, amended on other grounds 74 NY2d 942; Matter of Martinez v Scully, 194 AD2d 679).

Under the circumstances of this case, we do not find the penalty of dismissal to be so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Berenhaus v Ward, 70 NY2d 436, 445, supra; Matter of Pell v Board of Educ., 34 NY2d 222).

The petitioner's remaining contentions are without merit. Rosenblatt, J. P., Pizzuto, Altman and Hart, JJ., concur.