■ In the Matter of PATRICK NICHOLS, Petitioner, v VILLAGE OF MALONE, Respondent. (And Another Related Proceeding.) [645 NYS2d 906] —Crew III, J. Proceedings pursuant to CPLR article 78 (transferred to this Court by two orders of the Supreme Court, entered in Franklin County) to review two determinations of respondent which, *inter alia*, terminated petitioner's employment as a police officer with respondent.

At all times relevant to these proceedings, petitioner was employed as a police officer by respondent's police department. In August 1993, petitioner was served with a statement of charges alleging that he violated various rules and regulations of respondent's police department by, among other things, engaging in unauthorized meetings with individuals outside the department and accusing certain of his colleagues of "covering up" a particular incident that occurred in respondent's jail. Following a hearing, petitioner was suspended in October 1993 for 60 days without pay, with a credit for 30 days already served, and fined $100. Petitioner commenced a proceeding pursuant to CPLR article 78 challenging that determination in December 1993 (hereinafter proceeding No. 1), which was transferred to this Court by order of Supreme Court in March 1994.

In the interim petitioner returned to work but was again served with a statement of charges in April 1994 alleging, *inter alia*, that he provided false and misleading information to his superiors during the course of an investigation. A hear-

ing on these charges was held and, ultimately, petitioner's employment was terminated. Petitioner thereafter commenced another CPLR article 78 proceeding challenging his dismissal (hereinafter proceeding No. 2), which was transferred to this Court by order of Supreme Court in April 1995.

In the context of proceeding No. 1 petitioner, as so limited by his brief, contends that he was denied a fair and impartial hearing due to the Hearing Officer's purported bias and the Hearing Officer's decision to exclude particular evidence and curtail certain testimony. We cannot agree. The mere fact that the Hearing Officer was formerly employed as a police officer by respondent was not sufficient to disqualify him from presiding over petitioner's hearing, and the record as a whole fails to substantiate petitioner's claim of bias (see generally, Matter of Roberts v Stolzenberg, 202 AD2d 854). Additionally, to the extent that petitioner attempted to introduce proof of alleged prior unrelated "cover ups" by respondent's police department, the Hearing Officer properly excluded such proof as irrelevant to the issues at hand. Further, assuming, without deciding, that the Hearing Officer erred in failing to admit into evidence or permit questioning relating to certain documents prepared by respondent's Chief of Police, our review of the record reveals that the Hearing Officer's rulings in this regard did not preclude petitioner from establishing his defense and, as such, any error may be deemed harmless.

Of the numerous claims raised by petitioner in proceeding No. 2, only two warrant discussion. During the course of petitioner's disciplinary hearing, testimony was elicited from respondent's Chief of Police regarding various infractions purportedly committed by petitioner following his return to duty in November 1993. Although evidence of this uncharged misconduct plainly should not have been received into evidence, a review of the underlying determination reveals that such evidence was not considered in reaching a determination as to guilt (see generally, Matter of Finigan v Lent, 189 AD2d 935, 939, appeal dismissed 81 NY2d 1067, lv denied 82 NY2d 657).* Additionally, we reject petitioner's assertion that the determination is not supported by substantial evidence in the record as a whole. In this regard, although petitioner contends that the Hearing Officer's findings of guilt are inconsistent, we note that respondent ultimately sustained only one of the

---

* To the extent that it also was inappropriate for the Hearing Officer to consider such evidence in recommending a penalty, inasmuch as the penalty of dismissal is fully supported by the record, any error in this regard may be deemed harmless.

numerous charges against petitioner, finding him guilty of insubordination, and that determination, in turn, is amply supported by the record. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petitions dismissed.