■ In the Matter of KEITH HART, Petitioner, v PHILIP J. COOMBE, as Commissioner of the Department of Correctional Services, Respondent. [645 NYS2d 901] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After escaping from the Shawangunk Correctional Facility in Ulster County with three of his fellow inmates on November 7, 1994, petitioner was apprehended and charged with escape, possession of escape paraphernalia, possession of contraband items, damaging State property and engaging in conduct constituting a Penal Law offense. Following a tier III hearing, petitioner was found guilty of all charges and the penalty ultimately imposed consisted of confinement in the special housing unit and loss of privileges for 15 years. Petitioner then commenced this CPLR article 78 proceeding seeking to annul that determination.

The arguments advanced by petitioner do not warrant extended discussion. Assuming, without deciding, that petitioner's right to select an assistant from an established list (*see*, 7 NYCRR 251-4.1 [a]) was violated, we are of the view that petitioner has waived his objections in this regard. Upon being advised that petitioner objected to the manner in which his assistant was selected, the Hearing Officer questioned the assistant regarding the selection process and inquired as to petitioner's specific objections thereto. Although petitioner steadfastly maintained that he had been deprived of his right to select an assistant of his choice, when the Hearing Officer asked petitioner if he would prefer to have another assistant assigned to him, petitioner replied that he did not care who was assigned to him as long as he obtained the materials that he had requested and, further, that he had "no problem" personally with the assistant previously provided. Having declined the opportunity to select another assistant, petitioner cannot, in our view, be heard to complain. We also reject petitioner's contention that the assistance provided was inadequate.

Further, we are of the view that petitioner's claim of bias on the part of the Hearing Officer is unsupported by the record. Although it appears that the same Hearing Officer who conducted petitioner's tier III hearing presided over the disciplinary hearings of the three inmates who joined petitioner in his escape, there is no indication that the Hearing Officer considered anything outside of the record (*see, Matter of Cowart v Pico*, 213 AD2d 853, 855, *lv denied* 85 NY2d 812) and such prior involvement, standing alone, is insufficient to warrant disqualification (*see generally, Matter of Joseph v Stolzenberg*, 198 AD2d 506). Additionally, the record reveals that the Hearing Officer gave due consideration to petitioner's justification defense and went to great lengths to ensure that petitioner received a fair hearing.

Finally, in view of petitioner's criminal record, history of escapes and apparent unwillingness to rule out future escape attempts, we do not find the penalty imposed to be so disproportionate to the subject offenses as to be shocking to one's sense of fairness. Petitioner's remaining contentions, including his assertions that the hearing was untimely, that he was denied his right to call witnesses and that respondent violated 7 NYCRR 254.6 (a), have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.