■ In the Matter of EDWARD F. HOFFMAN, JR., et al., Appellants, v VILLAGE OF SIDNEY, Respondent. (Proceeding No. 1.) In the Matter of EDWARD F. HOFFMAN, JR., Petitioner, v VILLAGE OF SIDNEY, Respondent. (Proceeding No. 2.) [652 NYS2d 346] —Spain, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered September 12, 1995 in Delaware County, which, in a proceeding (No. 1) pursuant to CPLR article 78, dismissed the proceeding as time barred.

Proceeding (No. 2) pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Delaware County) to review a determination of respondent which found petitioner guilty of certain charges of misconduct and incompetence and suspended him for 90 days without pay.

Petitioners, Edward F. Hoffman, Jr. and Kent A. Lewis, are police officers for respondent and seek judicial review of certain actions of respondent's Commissioner of Police. Hoffman alleges that he was aggrieved by a letter written by the Commissioner which was placed in his personnel file on August 15, 1994, in violation of Civil Service Law § 75 (1). The letter, entitled "Letter of Reprimand", stated as follows: "On August 13th, 1994 at approximately 8:30 p.m., Police Officer E. F. Hoffman Jr. did operate a 1994 Chevrolet police vehicle and while attempting to back the vehicle up did strike a utility pole causing damage to the said vehicle. The cause of this accident was due to Officer Hoffman's inattention to duty of which the cause of the accident was unsafe backing." Hoffman's counsel

subsequently wrote to the Commissioner requesting that the letter be removed from Hoffman's personnel file upon the ground that it was issued without the benefit of a hearing; the Commissioner denied the request. Hoffman then commenced a CPLR article 78 proceeding (proceeding No. 1) in April 1995 seeking an order of mandamus directing respondent to remove the letter from his file.

Lewis joined in Hoffman's CPLR article 78 petition and alleged that the Commissioner had violated the collective bargaining agreement and past practices when he unilaterally changed Lewis' shift without prior negotiation. Lewis contends that any change in the manner of scheduling or assigning personnel to shifts is the subject of mandatory contract negotiations and that, in any event, past practices of respondent's police department allowed police officers to bid for particular shifts. Respondent answered raising various affirmative defenses including laches and untimeliness. Supreme Court dismissed the petition because Hoffman had failed to exhaust his administrative remedies prior to commencing the proceeding and because both petitioners had commenced the proceeding after the four-month Statute of Limitations had run. Petitioners now appeal.

On January 23, 1995 respondent commenced a disciplinary proceeding against Hoffman, pursuant to Civil Service Law § 75, charging him with incompetence and misconduct in connection with an automobile accident on January 8, 1995. After a hearing, the Hearing Officer found Hoffman guilty of four of the five charges against him and recommended that he be terminated. Respondent thereafter passed a resolution sustaining the Hearing Officer's findings. Instead of terminating Hoffman, however, respondent suspended him for 60 days without pay, in addition to the 30-day suspension without pay he had already served prior to the hearing. Hoffman thereafter commenced a CPLR article 78 proceeding (proceeding No. 2) seeking a review of respondent's determination and reinstatement with full back pay and related benefits. The matter was transferred to this Court pursuant to CPLR 7804 (g).

Initially, we agree with Supreme Court that the petition in proceeding No. 1 was time barred. In our view, the "Letter of Reprimand" placed in Hoffman's personnel file was nothing more than a critical admonition and not so formal as to trigger the hearing requirement of Civil Service Law § 75. The letter was written by the Commissioner, Hoffman's immediate supervisor; respondent was neither involved in issuing the letter nor received a copy of the document. The subject matter of

the letter dealt with an apparently minor infraction of respondent's rules of conduct and no punishment was imposed. Despite the fact that the document is entitled a "Letter of Reprimand", it clearly "falls far short of the sort of formal reprimand contemplated by the statute" (*Holt v Board of Educ.*, 52 NY2d 625, 633).

As to Lewis' contentions, the record reveals that Lewis took his grievance regarding the Commissioner's October 5, 1994 decision to change his schedule through steps 1 and 2 of the grievance procedure. The administrative determination was final upon completion of step 2, i.e., November 3, 1994, the date respondent's Safety Committee denied the grievance; the petition was not brought until April 24, 1995. Therefore, Lewis' petition is untimely and was properly dismissed.

Turning next to proceeding No. 2, the record belies Hoffman's contention that the entire proceeding was tainted because the Hearing Officer was improperly advised prior to the hearing that he had been previously issued a letter of reprimand and that, as a result, the determination must be annulled. Although the Hearing Officer had been made aware that Hoffman had received a letter of reprimand, the letter was not introduced either at the hearing or prior to the determination of discipline; it appears that the Hearing Officer never saw the letter or read its contents. Moreover, there is nothing in the record to suggest that the Hearing Officer, who made specific and detailed findings, impermissibly considered the letter in reaching his determination as to guilt (*see, Matter of Nichols v Village of Malone*, 229 AD2d 721; *see generally, Matter of Scott v Wetzler*, 195 AD2d 905; *Matter of Finigan v Lent*, 189 AD2d 935, 939, *appeal dismissed* 81 NY2d 1067, *lv denied* 82 NY2d 657).

Next, we reject Hoffman's contention that the record lacks substantial evidence to sustain respondent's determination as to the charges against him. A determination made after an evidentiary hearing held pursuant to law will be upheld where, on the entire record, the determination is supported by substantial evidence (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *Matter of Secreto v County of Ulster*, 228 AD2d 932, 933; *Matter of Bell v Cosgrove*, 220 AD2d 745; *see also,* CPLR 7803 [4]). Here, the record reveals that on January 8, 1995 Hoffman was on duty and heard a call go out over the scanner for the emergency squad to respond to a call that a child was not breathing. As Hoffman proceeded southbound on East Main Street in the Village of Sydney, Delaware County, he came upon a slow-moving pickup truck which failed to stop,

despite his siren and warning lights. As Hoffman started to pass the truck, a car broke over the top of a crest of a hill on Main Street proceeding northbound. The driver of the northbound vehicle, which contained two passengers, testified that "out of nowhere" he saw the police car with the bars flashing pass the truck and drive primarily in his lane of travel. In order to avoid a head-on collision, the driver veered sharply to the right onto the sidewalk. After Hoffman's vehicle and the truck had passed the northbound vehicle Hoffman accelerated, but as he did so he overcorrected his steering to get back into the southbound lane and went off the roadway onto the shoulder and hit a no-parking sign, sheering it off; the no-parking sign came through the center of his windshield and shattered it. Thereafter, Hoffman maneuvered the car back onto the roadway and, feeling compelled to assist in the medical emergency, he continued on to his intended location. Additional testimony indicated that Hoffman had very limited visibility out of the windshield as he proceeded to the location. The record also reveals that the police vehicle sustained damage requiring repairs totaling $2,100. In our view, the record contains sufficient testimony and documentary evidence to support respondent's determination that Hoffman (1) drove a vehicle in an improper, unsafe, reckless, careless or negligent manner, (2) endangered the safety and welfare of himself and others, (3) caused damage to a police vehicle, and (4) failed to follow proper police rules and regulations.

The record also belies Hoffman's contention that the Hearing Officer failed to discuss or make any findings regarding his defense of retaliatory action in violation of Civil Service Law § 75-b. The Hearing Officer clearly considered Hoffman's retaliatory action defense by setting out Hoffman's evidence in this regard in his findings of fact and implicitly rejected it. Moreover, he specifically held that his disciplinary determination was made after "[r]eviewing all the facts and circumstances in this matter".

Finally, Hoffman's reliance on the provisions of the Village Law which limit the suspension of a disciplined officer to 20 days is misplaced. Pursuant to an agreement executed by Hoffman's union representative, the Police Benevolent Association, and respondent, disciplinary action is administered pursuant to the provisions of Civil Service Law § 75, which provides that an officer may be suspended without pay for 30 days pending the disciplinary hearing and determination of the charges of incompetency or misconduct, and may be suspended without pay for a period not exceeding two months if such officer is

found guilty of the charges (Civil Service Law § 75 [3]). The reduced penalty imposed by respondent was within the statutorily permissible range and, in our view, was not so disproportionate as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233, *supra*).

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs. Adjudged that the determination is confirmed, without costs, and petition dismissed.