■ In the Matter of MARILYN WOOD, Appellant, v PETER COSGROVE et al., Respondents. [655 NYS2d 1004] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated January 4, 1995, which adopted the findings of a Hearing Officer which, after a hearing, found the petitioner guilty of two specifications of incompetence and demoted her from the position of head clerk, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered November 16, 1995, which dismissed the proceeding as barred by Civil Service Law § 76 (3).

■ In the Matter of MARILYN WOOD, Petitioner, v PETER COSGROVE et al., Respondents. [655 NYS2d 1004] —Proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated July 24, 1995, which adopted the findings of a Hearing Officer which, after a hearing, found the petitioner guilty of five specifications of misconduct and terminated her employment with the Suffolk County Police Department.

Adjudged that the determination is confirmed and the proceeding dismissed, without costs or disbursements.

We reject the petitioner's contention that she was prejudiced by the refusal of the Hearing Officer to recuse herself upon the petitioner's motion. The petitioner failed to demonstrate "support in the record for the bias and proof that the outcome flowed from the alleged bias" *(Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833, 834; *Matter of Warder v Board of Regents,* 53 NY2d 186, *cert denied* 454 US 1125; *Matter of Bell v Cosgrove,* 220 AD2d 745; *Matter of Roberts v Stolzenberg,* 202 AD2d 854; *Matter of Martinez v Scully,* 194 AD2d 679; *see also, Matter of Joseph v Stolzenberg,* 198 AD2d 506). Thus, the petitioner's "allegations of unfairness are insufficient to rebut the presumption of integrity of those serving as adjudicators" *(Matter of Maher v Hayduk,* 218 AD2d 700, 701; *Matter of Rine v City of Sherrill,* 195 AD2d 961). Further, we find that the determination of the Hearing Officer was fully supported by substantial evidence in the record and therefore will not be disturbed *(see, e.g., Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979). Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.