■ In the Matter of Gilbert Torres, Petitioner, v Bernard B. Kerik, as Police Commissioner of the City of New York, et al., Respondents. [750 NYS2d 21] —Determination of respondent Police Commissioner, dated August 10, 2000, dismissing petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Herman Cahn, J.], entered March 14, 2001), dismissed, without costs.

Petitioner was not deprived of due process or his rights under Civil Service Law § 75 by his prosecution on the charge that he wrongfully made false and misleading sworn statements during a prior administrative hearing on other charges. As in any situation where a witness testifies falsely under oath, petitioner was properly subjected to additional proceedings and penalties (*see Brogan v United States*, 522 US 398; *LaChance v Erickson*, 522 US 262; *United States v Dunnigan*, 507 US 87). Petitioner was not penalized for exercising his statutory right to a hearing on the underlying charges, but for giving false testimony at that hearing.

Petitioner received a fair hearing and a full opportunity to litigate the issue of the truthfulness of his prior testimony. Petitioner's contention that the Assistant Deputy Commissioner for Trials (ADC) should have recused herself has not been preserved for appellate review since petitioner never moved for her recusal and we decline to review it. In any event, the record fails to support petitioner's contention that the ADC was biased against him or that she prejudged the facts of the dispute because of her awareness of the prior proceeding, which had been conducted by a different trier of fact (*see Matter of Joseph v Stolzenberg*, 198 AD2d 506).

The Commissioner's determination was supported by sub-

stantial evidence (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444).

The penalty of dismissal does not shock our sense of fairness (*see Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). We find nothing inherently unfair about terminating a police officer for giving perjurious testimony at a departmental trial on other charges, even if the underlying misconduct itself was not serious enough to warrant termination.

We have considered and rejected petitioner's remaining contentions. Concur—Andrias, J.P., Saxe, Buckley, Rosenberger and Marlow, JJ.