Peters, E J.
Appeal from a judgment of the Supreme Court (Lebous, J.), entered July 31, 2012 in Broome County, which *1267 dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Mayor of the Village of Endicott terminating petitioner’s employment.
Petitioner was employed as a fire inspector by the Village of Endicott Fire Department and was the president of its firefighters union. In May 2009, he was charged with multiple counts of misconduct pursuant to Civil Service Law § 75 after engaging in a verbal altercation with Stephen Hrustich, the Fire Chief, concerning Hrustich’s directive that all firefighters undergo a respiratory physical examination. The charges alleged that, upon arriving at the fire station to address the matter, petitioner stated to Hrustich, “What the f. . .is your problem” (hereinafter the first statement) and, after a verbal warning, stated, “I am the f . . . ing [ujnion president and you cannot do a f . . . ing thing to me,” or words to that effect (hereinafter the second statement). Shortly after the disciplinary charges were filed against petitioner, he filed an improper practice charge with the Public Employment Relations Board (hereinafter PERB) alleging that respondents’ decision to discipline him amounted to anti-union animus.
At the hearing on the disciplinary charges, petitioner acknowledged that he had made the first statement but denied making the second statement, testifying that he instead stated, “I’m the union president and I’m acting in my capacity as the union president.” Crediting the testimony of Hrustich and a firefighter who witnessed the encounter to the effect that petitioner in fact made the second statement, a Hearing Officer found petitioner guilty of the charges and recommended a period of unpaid suspension. Respondent John Bertoni, the Mayor of respondent Village of Endicott, sustained the findings of guilt but modified the period of unpaid suspension.[1]
During the March 2010 PERB hearing, held shortly after Bertoni had sustained the findings in the disciplinary hearing, petitioner again testified that he did not make the second statement. Based upon this testimony and his testimony at the disciplinary hearing, petitioner was served with another notice in June 2011 charging him with misconduct amounting to perjury and making a false official statement, as well as incompetence for failure to be truthful. Following a hearing, a Hearing Officer issued a recommendation finding petitioner guilty of the charges set forth above and recommending that his employment be terminated. Bertoni adopted the findings and penalty *1268 of the Hearing Officer, and petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued.[2]
As a preliminary matter, we cannot agree with the concurrence/dissent that subjecting petitioner to disciplinary action under these circumstances deprived him of his rights under Civil Service Law § 75, violates public policy or is otherwise improper. Where a witness testifies falsely under oath, he or she may properly be subject to additional proceedings and sanctions (see Brogan v United States, 522 US 398, 404-405 [1998]; Lachance v Erickson, 522 US 262, 267-268 [1998]; United States v Dunnigan, 507 US 87, 94-95 [1993]; Matter of Torres v Kerik, 299 AD2d 214, 214 [2002], lv denied 99 NY2d 508 [2003]). Indeed, the United States Supreme Court has squarely held— under circumstances indistinguishable from those present here — that “a [government agency may take adverse action against an employee because the employee made false statements in response to an underlying charge of misconduct” (Lachance v Erickson, 522 US at 268). And, in so doing, the Court specifically rejected the argument — proffered by the concurrence/dissent here — that to permit the initiation of perjury charges under such circumstances may “coerce[ ] [individuals] into admitting the misconduct, whether they believe that they are guilty or not, in order to avoid the more severe penalty of removal possibly resulting from a falsification charge” (id. at 267 [internal quotation marks omitted]). Simply put, “[petitioner was not penalized for exercising his statutory right to a hearing on the underlying charges, but for giving false testimony at that hearing” (Matter of Torres v Kerik, 299 AD2d at 214; see Lachance v Erickson, 522 US at 267-268).
Reversal is required, however, because Bertoni should have been disqualified from reviewing the Hearing Officer’s recommendations. To be sure, an administrative decision maker is not deemed biased or disqualified merely on the basis that he or she reviewed a previous administrative determination and ruled against the same employee, or presided over a prior proceeding involving a similar defense or similar charges (see e.g. Matter of Compasso v Sheriff of Sullivan County, 29 AD3d 1064, 1064-1065 [2006]; Matter of Hart v Coombe, 229 AD2d 754, 755 *1269 [1996], lv denied 89 NY2d 802 [1996]; Matter of Joseph v Stolzenberg, 198 AD2d 506, 506 [1993]; see also Matter of Longton v Village of Corinth, 57 AD3d 1273, 1276 [2008], lv denied 13 NY3d 709 [2009]). However, where, as here, there is evidence indicating that the administrative decision maker may have prejudged the matter at issue, disqualification is required (see Matter of 1616 Second Ave. Rest. v New York State Liq. Auth., 75 NY2d 158, 161-164 [1990]).
In his decision in the first disciplinary proceeding, Bertoni not only agreed with the Hearing Officer’s report, but stated his own opinion that “I do not believe [petitioner’s] account of what was said.” In his affidavit submitted in petitioner’s CPLR article 78 proceeding challenging the first disciplinary determination, Bertoni went one step further. In that document, while explaining the portion of his decision addressing petitioner’s version of the second statement, Bertoni averred that he found that version “incredible.” While the falsity of petitioner’s account of the second statement was not at issue in the second proceeding, as that issue was conclusively determined in the first proceeding, the central issue in the second proceeding was whether petitioner’s false testimony was given knowingly and willingly. Thus, after concluding that he did not believe petitioner’s account of what was said and that petitioner’s version was “incredible,” Bertoni put himself in the position of determining whether the statement that petitioner did in fact make was made knowingly and willfully. These questions are inextricably intertwined, and Bertoni’s statements regarding petitioner’s testimony in the first proceeding were such that “a disinterested observer may conclude that [Bertoni] ha[d] in some measure adjudged the facts” surrounding the knowing and willful question “in advance of hearing it” (Matter of 1616 Second Ave. Rest. v New York State Liq. Auth., 75 NY2d at 162 [internal quotation marks and citations omitted]; see Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 180 AD2d 883, 884 [1992], affd 80 NY2d 531 [1992]). Accordingly, Bertoni should have recused himself. Because he did not, respondents’ determination was affected by an error of law. The proper remedy is to remit the matter for a de novo review of the present record and the Hearing Officer’s recommendations by a qualified and impartial individual (see Matter of Correia v Incorporated Vil. of Northport, 12 AD3d 599, 601 [2004]; Matter of Memmelaar v Straub, 181 AD2d 980, 982 [1992]; see also Matter of 1616 Second Ave. Rest. v New York State Liq. Auth., 75 NY2d at 165).
McCarthy and Spain, JJ., concur.

. Petitioner commenced a CPLR article 78 proceeding challenging the determination, and Supreme Court dismissed the petition. Petitioner did not appeal.

. We note that, while petitioner incorrectly invoked the arbitrary and capricious standard of review before Supreme Court, the petition raised a question of substantial evidence and, therefore, should have been transferred to this Court after Supreme Court disposed of the other objections that could have terminated the proceeding (see CPLR 7804 [g]; Matter of Brunner v Bertoni, 91 AD3d 1100, 1101 n [2012]; Matter of Thibodeau v Northeastern Clinton Cent. School Bd. of Educ., 39 AD3d 940, 941 [2007]).