NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4921-14T3

DEBORAH UPCHURCH,

 Plaintiff-Appellant,

v.

CITY OF ORANGE TOWNSHIP, HAKEEM
SIMS, and STATE OF NEW JERSEY,

 Defendants-Respondents.

 Submitted January 19, 2017 – Decided June 12, 2017

 Before Judges Alvarez and Accurso.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Docket No.
 L-1145-15.

 Eldridge Hawkins, attorney for appellant.

 David C. Stanziale, attorney for respondents
 City of Orange Township and Hakeem Sims.

 Christopher S. Porrino, Attorney General,
 attorney for respondent State of New Jersey
 (Melissa H. Raksa, Assistant Attorney General,
 of counsel; Todd A. Wigder, Assistant Attorney
 General, on the brief).

PER CURIAM
 Plaintiff Deborah Upchurch appeals from the April 29, 2015

Law Division order dismissing her action in lieu of prerogative

writs against defendants City of Orange Township (City), Hakeem

Sims, and the State of New Jersey. She also appeals the May 29

denial of her application for reconsideration.

 We affirm the Law Division judge's decision that the forty-

five-day time limit found in N.J.S.A. 40A:14-147 does not apply

to a written reprimand. The statute requires that "[a] complaint

charging a violation of the internal rules and regulations

established for the conduct of a law enforcement unit shall be

filed no later than the [forty-fifth] day after the date on which

the person filing the complaint obtained sufficient information

to file[.]" We do not agree with the judge, however, that the

Superior Officers Association Local 89 (SOA) contract, which

included Upchurch's terms of employment, offered her a means by

which to challenge the written reprimand. Nor do we agree that

Upchurch is entitled to challenge the reprimand under the due

process clause of either the federal or state constitutions. Thus

her complaint remains dismissed, as we affirm the judge's order

albeit for different reasons.

 After an internal affairs investigation into Upchurch's

conduct, on January 8, 2015, the City issued a written reprimand

for insubordination. Upchurch had been earlier served a complaint

 2 A-4921-14T3
notification on June 6, 2014, which the City ultimately dismissed

because it believed belated service violated the forty-five-day

rule. When she was served with the January 8, 2015 reprimand,

Upchurch, contending the statutory time limit applied to a written

reprimand as well, filed the complaint in lieu of prerogative

writs against defendants.

 In the complaint, Upchurch alleged that the City and Sims,

the Orange Police Department Director, violated N.J.S.A.

40A:14-147's forty-five-day rule, that the City and State's

procedures for minor disciplinary action taken against municipal

employees were unconstitutional, challenged the factual basis for

the issuance of the reprimand, and further alleged that the

Legislature's differential treatment of State and municipal

employees, a byproduct of the statutory scheme, was

unconstitutional. Defendants responded to the service of the

complaint and order to show cause by filing a Rule 4:6-2 motion

to dismiss.

 During oral argument on the return date of the order to show

cause hearing granted on her petition, see Rule 4:69-1, the City

argued that the January 1, 2008 contract with SOA controlled. In

the contract, Article XXII includes a grievance process for minor

discipline, to be followed by arbitration, if one of the parties

is dissatisfied with the outcome.

 3 A-4921-14T3
 The judge concluded that N.J.S.A. 40A:14-147 did not apply

to written reprimands because it was not a complaint. He also

concluded that "[t]he common sense reading of N.J.S.A. 11A:2-161

provides a basis for [Upchurch] to file an appeal . . . when you

look at that along with Article 21 [of the SOA Contract] and you

read them together she would have had an opportunity to appeal

[the reprimand]." He observed that Upchurch had focused her

argument on the notion that the applicability of N.J.S.A. 11A:2-

16 was limited to the terms "suspension or fine of five days or

less," rather than reading the statute in conjunction with the

contract.

 At the oral argument in support of reconsideration, Upchurch

reiterated her position that the SOA contract did not create a

mechanism for appeal of a reprimand, and that N.J.S.A. 11A:2-16

only applied to appeals of suspensions or fines. The judge in

turn reiterated his decision that the statutory scheme, when read

in conjunction with the SOA contract, provided a means for Upchurch

to challenge the written reprimand.

1
 "If an employee of a political subdivision receives a suspension
or fine of 5 days or less, the employee may request review under
standards and procedures established by the political subdivision
or appeal pursuant to an alternate appeal procedure where provided
by a negotiated contract provision." N.J.S.A. 11A:2-16.

 4 A-4921-14T3
 I.

 Because in rendering his decision the judge considered

materials outside the four corners of the complaint, such as the

contract, the Rule 4:6-2 motion for dismissal for failure to state

a claim is treated as if a summary judgment motion. See R. 4:6-2

("If, on a motion to dismiss based on [failure to state a claim],

matters outside the pleading are presented to and not excluded by

the court, the motion shall be treated as one for summary

judgment and disposed of as provided by R. 4:46[.]").

 "We review the grant of summary judgment using the

same standard as the motion judge." Mangual v. Berezinsky, 428

N.J. Super. 299, 306 (App. Div. 2012) (citing Prudential Prop. &

Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div.),

certif. denied, 154 N.J. 608 (1998)). Under this standard, the

court must "consider whether the competent evidential materials

presented, when viewed in the light most favorable to the non-

moving party, are sufficient to permit a rational factfinder to

resolve the alleged disputed issue in favor of the non-moving

party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540

(1996).

 There are no facts in dispute. The issues relate solely to

questions of law. On questions of law, our review is plenary.

 5 A-4921-14T3
D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citation

omitted).

 II.

 Upchurch claims that a written reprimand can only issue within

forty-five days of the event, pursuant to N.J.S.A. 40A:14-147. We

begin our discussion with the language found in the statute:

 Except as otherwise provided by law, no
 permanent member or officer of the police
 department or force shall be removed from his
 office, employment or position for political
 reasons or for any cause other than
 incapacity, misconduct, or disobedience of
 rules and regulations established for the
 government of the police department and force,
 nor shall such member or officer be suspended,
 removed, fined or reduced in rank from or in
 office, employment, or position therein,
 except for just cause as hereinbefore provided
 and then only upon a written complaint setting
 forth the charge or charges against such
 member or officer . . . .

 A complaint charging a violation of the
 internal rules and regulations established for
 the conduct of a law enforcement unit shall
 be filed no later than the [forty-fifth] day
 after the date on which the person filing the
 complaint obtained sufficient information to
 file the matter upon which the complaint is
 based.

 [(Emphasis added).]

Furthermore, "failure to comply with said provisions as to the

service of the [written] complaint and the time within which a

 6 A-4921-14T3
complaint is to be filed shall require a dismissal of the

complaint." N.J.S.A. 40A:14-147.

 "The starting point of all statutory interpretation must be

the language used in the enactment." Vitale v. Schering-Plough

Corp., 447 N.J. Super. 98, 115 (App. Div. 2016) (quoting N.J. Div.

of Child Prot. & Permanency v. Y.N., 220 N.J. 165, 178 (2014)).

"If the statutory language is clear and unambiguous, and reveals

the Legislature's intent, [the court] need look no further." Ibid.

(quoting Farmers Mut. Fire Ins. Co. of Salem v. N.J. Prop.-Liab.

Ins. Guar. Ass'n, 215 N.J. 522, 536 (2013)).

 The key statutory language in this case requires the contested

discipline to fall within the category of a "suspen[sion],

remov[al], fine[] or reduc[tion] in rank from or in office,

employment, or position therein . . . ." N.J.S.A. 40A:14-147.

The language is straightforward and clear, lacking any ambiguity

requiring us to do other than read it literally.

 Upchurch only received a written reprimand, therefore she

does not fall within the purview of the statute. She was not

removed from her position, nor was she suspended, fined, or reduced

in rank. The statutory forty-five-day time frame simply does not

apply.

 7 A-4921-14T3
 III.

 Upchurch also contends that her due process and equal

protection rights have been abrogated because the Legislature has

addressed the rights and safeguards necessary for State employees

faced with minor discipline, but those rules and regulations do

not apply to municipal employees. "[T]he Due Process Clause

provides that certain substantive rights – life, liberty, and

property – cannot be deprived except pursuant to constitutionally

adequate procedures." Cleveland Bd. of Educ. v. Loudermill, 470

U.S. 532, 541, 105 S. Ct. 1487, 1493, 84 L. Ed. 2d 494, 503 (1985).

Our Supreme Court has stated:

 the equal protection of the laws means that no
 person or class of persons shall be denied
 the protection of the laws enjoyed by other
 persons or classes of persons in their lives,
 liberty and property, and in the pursuit of
 happiness, both as respects privileges
 conferred and burdens imposed.

 [Peper v. Princeton Univ. Bd. of Trs., 77 N.J.
 55, 79 (1978) (quoting Wash. Nat'l Ins. Co.
 v. Bd. of Review of N.J. Unemployment Comp.
 Comm'm, 1 N.J. 545, 553 (1949)).]

 We agree with Upchurch that State employees have procedural

safeguards found in the Civil Service Act, N.J.S.A. 11A:1-1

to -12-6, and its implementing regulations, N.J.A.C. 4A:1-1.1 to

-10-3.2, not extended to municipal employees. In the Law Division

 8 A-4921-14T3
judge's opinion, plaintiff has equivalent recourse in N.J.S.A.

11A:2-16. That statute states:

 If a State employee receives a suspension or
 fine of five days or less, the employee may
 request review by the Civil Service Commission
 under standards and procedures established by
 the Civil Service Commission or appeal
 pursuant to an alternate appeal procedure
 where provided by a negotiated contract
 provision. If an employee of a political
 subdivision receives a suspension or fine of
 five days or less, the employee may request
 review under standards and procedures
 established by the political subdivision or
 appeal pursuant to an alternate appeal
 procedure where provided by a negotiated
 contract provision.

 [(Emphasis added).]

 The corresponding regulation, N.J.A.C. 4A:2-3.1(d), enacted

by the Civil Service Commission, provides that "[the] subchapter

shall not apply to local service, where an appointing authority

may establish procedures for processing minor discipline and

grievances." The regulations define minor discipline as "a formal

written reprimand or a suspension or fine of five working days or

less." N.J.A.C. 4A:2-3.1(a). Thus, the Commission authorized

municipalities to establish their own procedures for processing

minor discipline and grievances. This category includes the

written reprimand served on Upchurch.

 Article XXII of the SOA, titled "discharge or suspension,"

provides:

 9 A-4921-14T3
 No employee shall be suspended, disciplined
 or discharged without just cause. . . .

 The arbitration provisions contained in
 Article XXII of this Agreement shall be
 available for appeal for suspensions of five
 (5) days or less, and Civil Service procedures
 shall be available for appeal of suspensions
 of more than five (5) days.

 [(Emphasis added).]

The section prohibits any suspension, discipline or discharge

"without just cause." The arbitration clause, however, does not

encompass "discipline[.]" It only applies to "suspensions of five

[] days or less," which does not include written reprimands.

 Upchurch's due process rights would be violated if she had

no procedural protection from disciplinary action. But "due

process is flexible and calls for such procedural protections as

the particular situation demands." N.J. Div. of Youth & Family

Servs. v. R.D., 207 N.J. 88, 119 (2011) (quoting Morrissey v.

Brewer, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484,

494 (1972)). Different safeguards are required for different

disciplinary actions. A written reprimand is different from a

suspension of five days or less. The demands of due process "will

be a function of what reason and justice require under the

circumstances." In re Freshwater Wetlands Statewide Gen. Permits,

185 N.J. 452, 466-67 (2006).

 10 A-4921-14T3
 For example, in Cermele v. Township of Lawrence, 260 N.J.

Super. 45 (App. Div. 1992), the plaintiff filed a complaint in

lieu of prerogative writs after he was suspended for three days

without pay, arguing that there was no internal review procedure

available to him. Id. at 46. The trial court dismissed the

complaint for, among other reasons, the suspension being "such a

minor matter." Ibid. We reversed. "There was no contractual

review procedure or alternative appeal established by ordinance

for plaintiff's conduct . . . . whether the penalty was as minor

as one day's suspension, or as major as dismissal, plaintiff had

certain due process rights." Ibid. A formal hearing is not

required, as long as the plaintiff has the opportunity to present

his position. Ibid. Since the municipality provided no grievance

procedure for this form of minor discipline, the appropriate course

of action was to bring a complaint in lieu of prerogative writs

in the Law Division. Id. at 48.

 But this matter differs from Cermele. Upchurch was not

entitled to formal due process before or after the issuance of the

reprimand, even though the SOA contract required "just cause"

whenever any disciplinary action is imposed. A reprimand is not

a suspension, with the attendant loss of pay and advancement

potential because of the loss of a day of service. A reprimand

is nothing more than a warning advising an employee of conduct

 11 A-4921-14T3
with which the employer is dissatisfied. That is not the

equivalent of a compensable loss. It has no certain consequence

to the employee, at the time of the issuance, or in the future.

 Other jurisdictions are in accord with this conclusion.2

See Stanton v. City of W. Sacramento, 226 Cal. App. 3d 1438 (Ct.

App. 1991) (declining to extend certain procedural due process to

written reprimands since "[d]emotion, suspension and dismissal all

involve depriving the public employee of pay or benefits; a written

reprimand results in no such loss to the employee."); Bogdanovic

v. Swatara Twp., 23 Pa. D & C.3d 115, 121-22 (Ct. Com. Pl.

1982) (holding that the reprimand letter was not an adjudication

requiring due process protections because no direct action

resulted and future effects were too speculative and did not

implicate protected rights); In re Hoffman, 652 N.Y.S.2d 346, 348

(App. Div. 1997) (explaining that if a letter of reprimand is

"nothing more than a critical admonition," then it does not have

the requisite formalities to trigger a hearing requirement).

 The argument that a written reprimand may prevent an officer

from getting promoted is too speculative to be equivalent to a

2
 As previously noted, we have expanded judicial review of the
suspension of a police officer, not including written reprimands.
See Cermele v. Twp. of Lawrence, 260 N.J. Super. 45, 47 (App. Div.
1992); Romanowski v. Twp. of Brick, 185 N.J. Super. 197, 203-04
(Law Div. 1982), aff’d o.b., 192 N.J. Super. 79, 480 (App. Div.
1983).

 12 A-4921-14T3
suspension, reduction in rank, reduction in pay, or the termination

of employment. It is simply notice to an employee of an issue

which the employer perceives to be a problem. It gives the

employee the opportunity to alter his or her behavior before it

is too late.

 Moreover, the Orange Police Department Policies and

Procedures Internal Affairs does provide, under the "Investigation

and Adjudication of Minor Complaints," that the "supervisor

investigating the complaint shall interview the complainant, all

witnesses and the subject officer." (emphasis added). Presumably,

such steps are undertaken to establish just cause. An officer can

also request a hearing upon charges being brought. At the

officer's request, "the Director will set the date for the hearing

within a reasonable time and arrange for the hearing on the

charges." Thus, it appears the City does provide an opportunity

to be heard and a parallel procedure for minor discipline to that

available to State employees. The statutory scheme, assuming the

argument is tenable, does provide State and municipal employees

the same recourse. But this procedure does not include a written

reprimand because it does not fall into the category of "minor

complaints." A written reprimand has no immediate or ascertainable

future impact on an employee. Therefore, Upchurch's due process

claim fails.

 13 A-4921-14T3
 Upchurch also alleges that her privacy or property rights

were affected by the issuance of the reprimand. That point is so

lacking in merit as to not warrant discussion in a written opinion.

R. 2:11-3(e)(1)(E).

 IV.

 Upchurch also maintains the trial court abused its discretion

in denying her motion for reconsideration. "Reconsideration is a

matter within the sound discretion of the [c]ourt, to be exercised

in the interest of justice." Cummings v. Bahr, 295 N.J. Super.

374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J.

Super. 392, 401 (Ch. Div. 1990)). We review the trial court's

denial of such a motion for abuse of discretion. Id. at 389.

 As stated in Rule 4:49-2, motions for reconsideration should

be granted when the prior decision overlooked evidence, law, or

was otherwise plainly incorrect. Id. at 384. Upchurch's motion

was nothing more than a reargument of her original application,

thus no abuse of discretion occurred in the judge's denial.

 V.

 While we do not agree with the judge's reading of the relevant

SOA language as including written reprimands, we nonetheless

affirm the dismissal of Upchurch's action in lieu of prerogative

writs. Written reprimands simply do not require the procedural

safeguards afforded to discharges, suspensions, and fines. Thus,

 14 A-4921-14T3
while the municipality does not appear to have a formal process

for dealing with written reprimands, it was not required to develop

one more than what was available under the internal affairs

policies and procedures.

 Affirmed.

 15 A-4921-14T3