■ In the Matter of RICHARD BILLINGS, Petitioner, v COUNTY OF ST. LAWRENCE et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondents which terminated petitioner's employment as a Deputy Sheriff.

Petitioner was a Deputy Sheriff employed by the St. Lawrence County Sheriff's Department. His duties included serving as a correction officer at the county correctional facility. During the course of his duties, he delivered a package of tobacco to an inmate. There was testimony that, when delivering the tobacco, petitioner unzipped his pants, inserted nearly the entire package of tobacco into his pants and said to the inmate, "Here's your tobacco, come and get it." Shortly thereafter, a disturbance occurred among the inmates which was purportedly causally related to petitioner's action.

Following an investigation of the incident, petitioner was charged with six specifications of misconduct. The charges against petitioner included, *inter alia,* allegations that he delivered tobacco to an inmate in the previously described demeaning fashion, that as a result of his act a disturbance occurred in the cell block, and that petitioner did not tell the truth regarding the incident during the ensuing investigation. A Hearing Officer was appointed and a hearing on the charges was held pursuant to Civil Service Law § 75. The Hearing Officer concluded that petitioner was guilty of the charge of unprofessional conduct stemming from the manner in which

he delivered tobacco to an inmate. The Hearing Officer also found petitioner guilty of the charge that he had lied during the investigation of the incident. The evidence, however, was found to be insufficient to sustain the charge that the tobacco incident caused the subsequent disturbance in the cell block.

The Hearing Officer recommended that petitioner be suspended without pay for two months. Respondent Undersheriff of St. Lawrence County was appointed to render a final administrative disposition of the matter. The Undersheriff concluded that the appropriate penalty was termination. Petitioner was thus terminated effective April 22, 1987. This proceeding ensued.

Petitioner's contention that the evidence at the hearing was insufficient to support the determination of guilt is meritless. A Hearing Officer's resolution of conflicting evidence is generally not subject to judicial review (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443-444). If the administrative findings are supported by substantial evidence, this court must accept those findings (see, Matter of Pell v Board of Educ., 34 NY2d 222, 230-231). Here, several inmates testified that they saw petitioner put the tobacco in his pants and offer it to an inmate in the aforementioned fashion. While minor inconsistencies existed in the versions offered by the inmates, they were not so significant as to render the testimony incredible as a matter of law. Further, the record reveals sufficient reasons for the Hearing Officer to refuse to accept in toto petitioner's version of the events. For example, petitioner testified at the hearing that he did not generally pass out tobacco during the shift he was working at the time of the purported incident and he further stated that he could not specifically recall whether he had handed out tobacco on the day in question. However, when questioned about the incident shortly after it occurred, petitioner did not deny the tobacco incident but stated that the tobacco was in his pants pocket. Inconsistencies such as these, together with the Hearing Officer's observations of petitioner's demeanor, provided a sufficient basis for the Hearing Officer's conclusion to discredit portions of petitioner's testimony and to determine that petitioner failed to tell the truth regarding the incident during the initial investigation.

Petitioner further contends that the penalty of termination was excessive. Petitioner had been employed for less than three years, a relatively short period of time. Yet, his record was not unblemished. Additionally, the charges of which petitioner was found guilty reflected both his unprofessional

conduct around inmates and his lack of candid cooperation with co-workers during the ensuing investigation. The potentially volatile atmosphere which often exists in prisons makes the development by correction officers of an atmosphere of respect and discipline with inmates of utmost importance. The officials charged with responsibility for these institutions must be able to deal with each other in a cooperative and straightforward fashion. Petitioner's actions were totally inconsistent with these goals. Hence, we are unpersuaded that the penalty imposed for petitioner's conduct was " 'shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ., supra,* at 234).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.