■ In the Matter of SHARON TOWERS REALTY, Petitioner, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [607 NYS2d 833] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Supreme Court erroneously transferred this CPLR article 78 proceeding to the Appellate Division upon the ground that the sole issue raised was whether the determination was supported by substantial evidence. No evidentiary hearing was conducted. Whether respondent New York State Division of Housing and Community Renewal (DHCR) properly invoked its default procedures for determining the base date stabilized rent is subject to judicial review under the arbitrary and capricious standard of review *(see, Matter of Colton v Berman,* 21 NY2d 322, 329; *Matter of Mazel Real Estate v Mirabal,* 138 AD2d 600, 601-602; *Matter of Kraus Mgt. v State of N.Y., Div. of Hous. & Community Renewal,* 137 AD2d 689, 691), and the proceeding should have been resolved by Supreme Court. We nevertheless consider the merits *(see, Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 180).

DHCR's rejection of petitioner's documentation of rent for apartment 2H was not arbitrary and capricious. Assuming, arguendo, that the security deposit made by a prior tenant

reflected an amount equivalent to two months' rent, petitioner failed to establish the effective date for the calculation of the amount of that deposit. Also, petitioner failed to establish the rental payments by the previous tenant to the receiver in foreclosure proceedings reflected the payment of rent for four months. Proof that the receiver received rental payments in four envelopes does not establish that each payment reflected the payment of one month's rent.

Petitioner does not dispute that the rent indicated for apartment 3H is the lowest base date rent for a comparable apartment within the building, nor does it challenge DHCR's mathematical calculation of the base stabilized rent, periodic increases or amount of overcharge. Petitioner asserts that the rent for apartment 3H was discounted because the occupant of that apartment in 1979 was the building superintendent. Documentation submitted by petitioner reveals that rent paid to the receiver for that apartment by a prior tenant who was not the building superintendent was lower than all "H" apartments within the building except apartment 7H. Thus, a rational basis existed for DHCR's implicit rejection of petitioner's "discount" theory and for DHCR's use of the stabilized rent for apartment 3H as the lowest base date rent for a comparable unit in fixing the base stabilized rent for the subject apartment. (Article 78 Proceeding Transferred by Order of Supreme Court, Queens County, Kassoff, J.) Present —Denman, P. J., Green, Balio, Fallon and Davis, JJ.