■ In the Matter of FRANK S. PEROTTI, JR., Petitioner, v BOARD OF EDUCATION OF THE PINE PLAINS CENTRAL SCHOOL DISTRICT, Respondent. [631 NYS2d 65] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Pine Plains Central School District, dated September 14, 1992, which, after a hearing, found the petitioner guilty of certain charges and dismissed him from his position as a tenured elementary school principal. Justice Sullivan has been substituted for the late Justice Lawrence (see, 22 NYCRR 670.1 [c]).

Adjudged that the petition is granted, to the extent that the determination with respect to the penalty imposed is annulled, as a matter of discretion, without costs or disbursements, and the matter is remitted to the Board of Education of the Pine Plains Central School District for the imposition of a new penalty not to exceed six-months suspension and for a determination of the back pay due the petitioner, the determination is otherwise confirmed and the proceeding is otherwise dismissed on the merits.

The petitioner had been employed by the Pine Plains Central School District (hereinafter the School District) since 1973 and held tenure in his position of elementary school principal. In the fall of 1989, he took a leave of absence from that position, and assumed a probationary appointment as Assistant Superintendent of Business for the School District.

Initially, the Board of Education of the Pine Plains Central School District (hereinafter the Board) agreed to pay the petitioner an annual salary of $60,000 for his new position, prorated to October 31, 1989, the effective date of his appointment. Thereafter, the Board agreed in executive session to make the petitioner's $60,000 annual salary retroactive to July 1, 1989. No written minutes were taken of the executive ses-

sion. The petitioner then authorized the payment of the additional salary to himself, although there was no formal Board resolution or written approval of the retroactive salary adjustment.

In the spring of 1991, the District Treasurer made an error in calculating the cash flow for the School District by failing to account for the fact that teachers were paid for the summer months in one balloon payment in June. The petitioner learned of this error in late June. As a result of the error, the School District did not have the necessary $350,000 in cash on hand to make the balloon payment. Therefore the petitioner extended the maturity date of a note to meet the shortfall. At the time, he did not inform the Board.

In July 1991, outside auditors informed the District Treasurer that there was a $411,000 budget deficit for the 1990-1991 year. He, in turn, conveyed this information to the Superintendent. The Superintendent discussed the deficit with the petitioner, and directed him to prepare a report on the deficit for submission to the Board.

On August 15, 1991, the Board held a public hearing on the budget for the following year, which the petitioner did not attend. At the meeting, a Board member asked the District Treasurer what the "fund balance" was, and after the Superintendent directed him to "answer the question", the District Treasurer "indicated that the fund balance situation was $411,000 deficient". Thereafter, the petitioner submitted his report on the deficit.

In the fall of 1991, the Superintendent recommended to the Board that the petitioner's probationary appointment as Assistant Superintendent for Business be terminated because the petitioner failed to "accurately track revenues and expenditures and contributing to the situation we found ourselves in with the deficit". Effective November 2, 1991, the petitioner's probationary appointment was terminated, and he returned to his position as a tenured principal.

On December 4, 1991, the Board brought four charges against the petitioner in his capacity as a school principal. The petitioner requested a hearing on those charges before a three-member panel. After a hearing, the panel, with one dissent, sustained the first three charges and suspended decision on the fourth charge. In the three charges which were sustained, the petitioner was charged with "Misconduct and/or Conduct Unbecoming and/or Neglect of Duty and/or Incompetence" in connection with the retroactive salary increase, the failure to account for the shortfalls of $350,000 and $411,000 and the

concealment of these deficits. Effective October 7, 1992, the petitioner's employment as an elementary school principal was terminated.

The determination to sustain the charges against the petitioner was supported by substantial evidence. Specifically, the record contains substantial evidence that the petitioner was the School District employee who had been entrusted with the duty of keeping the Board apprised of the District's financial status and tracking encumbrances of the budget; that his report to the Board on June 24, 1991, was that the budget was "in the black"; that shortly thereafter he became aware of a cashflow shortfall and budget deficit; and that despite this, the petitioner failed to advise the Board of these problems in a timely manner. Contrary to the petitioner's contentions, the fact that his supervisor may have been aware of the financial problems does not mean that the petitioner was any less duty bound to disclose the information to the Board in a timely fashion, as the petitioner himself admitted in the written report he ultimately submitted to the Board.

We further find that the record contains substantial evidence that the petitioner caused a check to be issued to himself in connection with his retroactive salary increase without formal Board authorization and that as Assistant Superintendent he was, or should have been, aware of the fact that such authorization was required before any payment could be made. That the Board may have agreed to a retroactive payment in executive session does not excuse the petitioner's failure to follow proper procedures.

Although the charges were properly sustained, we conclude that the penalty of termination from the petitioner's tenured position, where he enjoyed an unblemished record for over 15 years, is so disproportionate to the conduct at issue as to shock our sense of fairness (see, Matter of Harris v Mechanicville Cent. School Dist., 45 NY2d 279, 284).

There is no evidence in the record of intentional wrongdoing on the petitioner's part. His acts were isolated incidents in his career and did not involve moral turpitude or fraud (see, Matter of Harris v Mechanicville Cent. School Dist., supra, at 282). While the petitioner may have authorized the payment of retroactive salary without the appropriate formal Board approval, he had been orally informed that the payment was approved. Thus, he did not take any money to which he was not entitled. His failure to timely disclose the existence of the shortfall and the deficit demonstrates a certain neglect in carrying out his duties, but does not rise to the level of misconduct or incompe-

tency such as would warrant dismissal. Consequently, we conclude that the record supports a penalty not to exceed six-months suspension without pay.

We have considered the petitioner's remaining contention and find it to be without merit. Sullivan, J. P., Thompson, Altman, Hart and Goldstein, JJ., concur.