■ In the Matter of TIMOTHY DABULIS, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [634 NYS2d 529] —Proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority, dated October 15, 1992, which, after a hearing, adopted the findings of an Administrative Law Judge, *inter alia,* that the petitioner was guilty of misconduct, and imposed the penalty of dismissal from his position as a New York City Transit Authority Police Officer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Initially, we note that inasmuch as the petition did not raise a substantial evidence question, the matter was improperly transferred to the Appellate Division *(see,* CPLR 7804 [g]). However, in the interest of judicial economy, we elect to retain jurisdiction and determine the issue raised on the merits *(see, e.g., Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174; *Matter of Sharon Towers Realty v New York State Div. of Hous. & Community Renewal,* 201 AD2d 976).

Turning to the merits, we find that the petitioner's conduct, arising from an off-duty incident in which he struck a civilian and improperly displayed his weapon, cannot be countenanced. "[Such] behavior poses a serious threat to the confidence the public must hold in the police force" *(Matter of Hickey v Bratton,* 180 AD2d 682, 683; *see also, Matter of Alfieri v Murphy,* 38 NY2d 976). Moreover, the petitioner's admitted false denials to his superiors about the details of this incident, and his failure to disclose the fact that his driver's license had been suspended, evinces a willingness to deceive which is injurious to the integ-

rity of the entire department *(see, Matter of Ruggio v Hammill,* 207 AD2d 991).

Accordingly, given the grave nature of the petitioner's offenses, as well as his prior poor disciplinary record, the penalty of dismissal was not so disproportionate as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.