■ In the Matter of JOHN LANE, Respondent, v COUNTY OF FULTON et al., Appellants. [672 NYS2d 144] —Carpinello, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered May 8, 1997 in Fulton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, annul a determination of respondents terminating petitioner's employment.

Petitioner was hired by respondent County of Fulton on December 1, 1967 and, as of January 1996, was employed as a heavy equipment operator. On January 13, 1996, petitioner was one of five out of 15 employees who voluntarily reported for work that Saturday morning due to a snowstorm. However, he left work within minutes after punching in upon learning that he had not been assigned to his normal snow removal duties. After a hearing, petitioner was found to have committed an act of insubordination based upon his refusal to accept this work assignment. The Hearing Officer recommended that petitioner be suspended without pay for 20 days, but this penalty was rejected by respondent Highway Superintendent, who instead terminated petitioner's employment.

In this CPLR article 78 proceeding, petitioner candidly admits that the determination of misconduct is supported by the record but argues that respondents' penalty was inappropriate. Supreme Court found that termination was disproportionate to the offense and shocking to its conscience and ordered that petitioner be reinstated and suspended without pay for two months. Respondents appeal.

We affirm. While there is certainly adequate support for sustaining the termination of an employee in cases of misconduct, especially insubordination (*see, e.g., Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566; *Matter of Case v Fleming*, 189 AD2d 1070; *Matter of Billings v County of St. Lawrence*, 139 AD2d 809; *Matter of Clarke v Board of Educ.*, 105 AD2d 893), we conclude, as did Supreme Court, that termination under the circumstances of this case was a disproportionate penalty. Weighing the gravity of petitioner's act of insubordination against the mitigating circumstances present in this case, particularly his nearly three decades of service to the County which included only one prior incident of misconduct (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 235), termination was so disproportionate as to be shocking to one's sense of fairness (*see, e.g., Matter of Smith v Board of Educ.*, 235 AD2d 912, 913-914; *Matter of Smith v Board of Educ.*, 221 AD2d 755, *lv denied* 87 NY2d 810; *Matter of Perotti v Board of Educ.*, 218 AD2d 803, *lv denied* 88 NY2d 802; *see also, Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279, 284-285; *Matter of Mitthauer v Patterson*, 8 NY2d 37, 41-43).

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.