■ In the Matter of DENNIS SCHINDLAR, Petitioner, v INCORPORATED VILLAGE OF LLOYD HARBOR et al., Respondents. [690 NYS2d 673] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Department of Civil Service, dated April 8, 1998, which, after a hearing, revoked the petitioner's certification and appointment as a Police Officer in the Incorporated Village of Lloyd Harbor and terminated his employment.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contentions, we find that the determination of the Suffolk County Department of Civil Service (hereinafter the DCS) that he perpetrated a fraud in claiming residency in the Incorporated Village of Lloyd Harbor was supported by substantial evidence. The petitioner presented evidence that he resided in Lloyd Harbor, including copies of his driver's license and voter registration cards, as well as hearing testimony by the owner of the property on which the petitioner allegedly resided. The Hearing Officer, however, credited the persuasive documentary evidence to the contrary. It is well established that a reviewing court may not weigh evidence or reject the choice made by the Hearing Officer, especially where there is conflicting evidence and room for choice exists (*see, Matter of McQueeney v Dutchess County Sheriff,* 223 AD2d 710; *Matter of Moorehead v New York City Tr. Auth.,* 147 AD2d 569). There is substantial evidence in the record to sustain a finding that the petitioner did not in fact reside in Lloyd Harbor from June 1994 to January 1995. Therefore the Hearing Officer's recommendation and the determination of the DCS to revoke the petitioner's certification and appointment should not be disturbed (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Butler v Nassau County Civ. Serv. Commn.,* 175 AD2d 159; *Matter of Magrella v Nassau County Civ. Serv. Commn.,* 124 AD2d 660).

In addition, there was no evidence in the record to support the petitioner's contention that the Hearing Officer was biased, nor was there any evidence that the outcome flowed from any alleged bias on the part of the Hearing Officer (*see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833; *Matter of Warder v Board of Regents,* 53 NY2d 186; *Matter of Wood v Cosgrove,* 237 AD2d 616; *Matter of Bell v Cosgrove,* 220 AD2d 745). The mere allegation of bias is insufficient to establish bias (*see, Matter of Warder v Board of Regents, supra*). Sullivan, J. P., Krausman, Florio and Smith, JJ., concur.