■ In the Matter of ROBERT SCHNAARS, Respondent, v COPIAGUE UNION FREE SCHOOL DISTRICT, Appellant. [713 NYS2d 84] —In a proceeding pursuant to CPLR article 78 to review a determination of the Copiague Union Free School District, dated August 24, 1998, which rejected the recommendation of a Hearing Officer, upon finding, after a hearing, that the respondent was guilty of misconduct and neglect of duty, that the petitioner be demoted, and terminated the petitioner's employment, the appeal is from a judgment of the Supreme Court, Suffolk County (Floyd, J.), dated July 30, 1999, which, *inter alia,* granted the petition, vacated the penalty, and remitted the matter to the respondent for the imposition of a penalty of

demotion and/or suspension without pay for a period not to exceed 90 days.

Ordered that the judgment is modified by deleting the provision thereof directing the Copiague Union Free School District to impose a penalty of demotion and/or suspension without pay and substituting therefor a provision directing the School District to impose a penalty other than termination; as so modified, the judgment is affirmed, with costs to the appellant.

The petitioner, a head custodian of the night crew at Copiague High School, was charged with using the school's computers to view pornographic web sites on the Internet with his subordinates during two night shifts in May 1998. Three months earlier, in response to an incident involving unauthorized use of computers at the middle school, the appellant Copiague Union Free School District (hereinafter the District) had distributed a written memorandum advising all custodial staff that using the computers to access inappropriate material on the Internet violated District policy, and that employees who violated the policy would be subject to disciplinary proceedings which could result in suspension and/or termination. On or about June 2, 1998, the petitioner was charged, *inter alia*, with misconduct based on the unauthorized use of the District's computers to view inappropriate material.

Following a two-day hearing, a Hearing Officer found the petitioner guilty of the charges, and recommended that he be demoted from his position as Head Custodian. The District rejected the recommendation and terminated the petitioner's employment. The petitioner commenced this article 78 proceeding to set aside the penalty as disproportionate to the offense.

We agree with the Supreme Court that termination under the circumstances of this case was so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). With the exception of his misconduct in this case, the petitioner has an unblemished 13-year record of loyal service to the District with many accolades (*see, Matter of Perotti v Board of Educ.*, 218 AD2d 803). The record contains numerous documents reflecting the petitioner's satisfactory performance as a custodian, including favorable performance evaluations and correspondence complimenting him and the custodial staff. The record also indicates that the petitioner had no prior disciplinary problems at the school and that he served in the military for 10 years. In our view, the District did not give sufficient weight to these mitigating factors (*see, Matter of Rice v Hilton Cent. School Dist. Bd. of Educ.*, 258 AD2d 900; *Matter of Drakeford v*

*Board of Educ.*, 242 AD2d 627; *Matter of Smith v Board of Educ.*, 235 AD2d 912; *Matter of Smith v Board of Educ.*, 221 AD2d 755; *Matter of Lee v Board of Educ.*, 90 AD2d 775). Accordingly, the matter is remitted to the respondent District for the imposition of a penalty other than termination. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.