■ In the Matter of HUGH WINTERS, Petitioner, v BOARD OF EDUCATION OF LAKELAND CENTRAL SCHOOL DISTRICT et al., Respondents. [742 NYS2d 675] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of Lakeland Central School District, dated December 8, 2000, which adopted the recommendation of the hearing officer, made after a hearing, finding the petitioner guilty of certain charges of misconduct, incompetence, and insubordination, and terminating his employment as head custodian at Walter Panas High School.

Adjudged that the petition is granted to the extent that the determination with respect to specifications "M" and "N" of charge VIII is annulled, those specifications of that charge are dismissed, the penalty of termination is vacated, and the petitioner is reinstated to his position as head custodian at Walter Panas High School; as so modified, the determination is confirmed, without costs or disbursements, the proceeding is otherwise dismissed, and the matter is remitted to the respondents for the imposition of a new penalty.

After a hearing, the petitioner, the head custodian at Walter Panas High School in the Lakeland Central School District, was found guilty of several charges of misconduct, incompetence, and insubordination. One of those charges related to the petitioner's act of removing and photocopying a document from the school principal's desk, and distributing the document to another employee of the Lakeland Central School District (hereinafter the School District). Certain specifications of another charge included the petitioner's alleged failure to empty a closet which was filled with custodial supplies, despite being asked to do so by the school principal.

We agree with the petitioner that the hearing officer's determination that he failed to take steps to honor the school principal's request to empty a certain closet of custodial sup-

plies and to secure permission from his supervisor to do so is not supported by substantial evidence (*see Matter of Moroz v D'Elia,* 100 AD2d 622). The petitioner's uncontradicted testimony established that he did not have the authority to empty the closet without the permission of his supervisor and that he requested such permission from his supervisor on numerous occasions. Further, the evidence indicated that the principal had accepted the petitioner's explanation that he required supervisory approval, and that the principal had spoken to the petitioner's supervisor regarding his request. Contrary to the petitioner's contention, however, the hearing officer's findings with respect to the remaining charges were supported by substantial evidence (*see Matter of Berenhaus v Ward,* 70 NY2d 436; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176).

Moreover, we agree with the petitioner that, under the particular circumstances of this case, the penalty of termination was so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Schnaars v Copiague Union Free School Dist.,* 275 AD2d 462, 463). The hearing officer and the respondents failed to give sufficient weight to certain mitigating factors, such as the petitioner's 15-year history of working for the School District without incident (*see Matter of Schnaars v Copiague Union Free School Dist., supra; Matter of Rice v Hilton Cent. School Dist. Bd. of Educ.,* 258 AD2d 900; *Matter of Drakeford v Board of Educ. of City of N.Y.,* 242 AD2d 627; *Matter of Smith v Board of Educ.,* 235 AD2d 912). Accordingly, the matter is remitted to the respondents for the imposition of a penalty other than termination. Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.