■ In the Matter of GARY WALDREN, Petitioner, v TOWN OF ISLIP, Respondent. [795 NYS2d 262]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Town of Islip, dated April 15, 2003, which adopted the recommendation and findings of a hearing officer, dated March 28, 2003, made after a hearing, finding the petitioner guilty of misconduct, and terminated his employment as Director of Public Safety of the Town of Islip.

Adjudged that the petition is granted to the extent that so

much of the determination as imposed a penalty is annulled, without costs or disbursements, the matter is remitted to the respondent to impose an appropriate penalty less severe than termination of the petitioner's employment, and the petition is otherwise denied, the proceeding is otherwise dismissed, and the determination is otherwise confirmed.

The record established that the petitioner, the Director of Public Safety of the Town of Islip, accessed pornography on the Internet through his office computer on 12 dates between March 22, 2001, and August 8, 2002, although the respondent's expert witness could not calculate the entire viewing time of the pornography. Despite the fact that the respondent had no written policy in effect during this period regarding access to inappropriate material on the petitioner's office computer, the hearing officer's findings of fact were supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; CPLR 7803 [4]). However, under the circumstances of this case, the penalty of termination was so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]).

This was the first time that the petitioner had been subjected to any disciplinary action in his 30 years of civil service. The petitioner's prior evaluations exceeded department standards, and the record contained personal letters from private citizens, government employees, and immediate supervisors lauding the petitioner's work efforts. The respondent did not give sufficient weight to these mitigating factors (*see Matter of Schnaars v Copiague Union Free School Dist.*, 275 AD2d 462, 463 [2000] [setting aside a penalty of termination despite a written policy that had been distributed prohibiting access to inappropriate material on the Internet]; *Matter of Tiano v Middle Country School Dist.*, 273 AD2d 396 [2000]; *Matter of Rapkiewicz v Middle Country School Dist.*, 273 AD2d 392, 393 [2000]). Accordingly, we grant the petition to the extent of annulling so much of the determination as imposed a penalty of termination of employment, and remit the matter to the respondent for the imposition of a penalty less severe than termination. S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.