▪ In the Matter of ROBERT MURAIK, Petitioner, v ANTHONY M. LANDI et al., Respondents. [798 NYS2d 497]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Westchester County Department of Environmental Facilities, dated September 18, 2003, which adopted the recommendation of the hearing officer dated September 10, 2003, made after a hearing, finding the petitioner guilty of misconduct, and terminating his employment as a plant superintendent at the Port Chester Wastewater Treatment Plant.

Adjudged that the petition is granted to the extent that so much of the determination as imposed a penalty is annulled, without costs or disbursements, the matter is remitted to the Westchester County Department of Environmental Facilities to impose a new penalty not to exceed six months suspension and to determine the back pay due the petitioner, the petition is otherwise denied, the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.

The determination of the respondent Westchester County

Department of Environmental Facilities was based on several instances of misconduct by the petitioner in knowingly submitting false time records for his subordinates. Although the charges of misconduct were properly sustained, we conclude that the penalty of termination, when considered in light of all of the circumstances of this case, was so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279, 284 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 234 [1974]; *Matter of Waldren v Town of Islip,* 18 AD3d 566 [2005]; *Matter of Perotti v Board of Educ.,* 218 AD2d 803, 805 [1995]).

The petitioner enjoyed a 29-year career in the service of the respondent during which time he was promoted numerous times and disciplined only once, some 13 years before this proceeding (*see Matter of Lane v County of Fulton,* 249 AD2d 750, 751 [1998]; *Matter of Drakeford v Board of Educ.,* 242 AD2d 627 [1997]; *Matter of Benson v Board of Educ.,* 209 AD2d 693 [1994]).

The sanction of termination left this life-long employee of municipal sewer and water services with minimal prospects of alternative employment thus imposing a devastating impact on his ability to support his family (*see Matter of Pell v Board of Educ., supra* at 235). Moreover, the evidence did not establish, nor does the respondent suggest, that the petitioner's misconduct was one of moral turpitude or motivated by malice or selfishness; nor was there proof that the operation of the business or the finances of the respondent were adversely affected by the petitioner's transgressions (*see Matter of Lane v County of Fulton, supra; Matter of Perotti v Board of Educ., supra; cf. Matter of Hegarty v Board of Educ. of City of N.Y.,* 5 AD3d 771 [2004]; *Matter of Colon v Crew,* 278 AD2d 234 [2000]; *Matter of Gillen v Smithtown Lib. Bd. of Trustees,* 254 AD2d 486 [1998], *affd* 94 NY2d 776 [1999]; *Matter of Roach v Plainedge Union Free School Dist.,* 230 AD2d 861 [1996]). Neither the hearing officer nor the respondent gave sufficient weight to those mitigating factors (*see Matter of Waldren v Town of Islip, supra; Matter of Schnaars v Copiague Union Free School Dist.,* 275 AD2d 462, 463-464 [2000]).

The petitioner's remaining contentions are without merit. Santucci, J.P., Luciano, Crane and Skelos, JJ., concur.