In the Matter of WILLIAM GOUDY, Petitioner, v JENNIFER SCHAFFER et al., Respondents. [808 NYS2d 712]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Westchester County Department of Community Mental Health, dated August 2, 2004, which adopted the recommendation of a hearing officer dated July 14, 2004, made after a hearing, finding the petitioner guilty of incompetence and misconduct and terminating his employment as a counselor with the Westchester County Employee Assistance Program.

Adjudged that the petition is granted, on the law and as an exercise of discretion, without costs or disbursements, to the extent that so much of the determination as imposed a penalty terminating the petitioner's employment is annulled, the petition is otherwise denied, the determination is otherwise confirmed, and the matter is remitted to the respondents for the imposition of an appropriate penalty less severe than termination of the petitioner's employment.

Contrary to the petitioner's contention, the determination of the hearing officer sustaining 42 specifications of incompetence and misconduct was supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of Lahey v Kelly,* 71 NY2d 135, 140 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *see also Matter of McEniry v Landi,* 84 NY2d 554 [1994]).

Nevertheless, even though the charges were properly sustained, we conclude that, under all the circumstances, the penalty of dismissal was so disproportionate to the offenses committed as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222 [1974]). The evidence did not establish, nor does the respondent suggest, that the petitioner's misconduct was one of moral turpitude or motivated by malice or selfishness; nor was there proof that the operations or finances of the respondent were adversely affected by the petitioner's transgressions (*see Matter of Muraik v Landi,* 19 AD3d 697 [2005]; *Matter of Lane v County of Fulton,* 249 AD2d 750 [1998]; *Matter of Perotti v Board of Educ. of Pine Plains Cent. School Dist.,* 218 AD2d 803 [1995]). The record indicates that the petitioner had no prior disciplinary problems, that he served in the military for nine years, that the sanction of termination imposed a devastating impact on his ability to support his family, and that neither the hearing officer nor the respondent gave sufficient weight to any of those mitigating factors (*see Matter of Muraik v Landi, supra*; *Matter of Waldren v Town of Islip,* 18 AD3d 566 [2005]; *Matter of Schnaars v Copiague Union Free School Dist.,* 275 AD2d 462, 463-464 [2000]). Accordingly, we grant the petition to the extent of annulling so much of the determination as imposed a penalty of termination of the petitioner's employment, and remit the matter to the respondent for the imposition of a less severe penalty.

The petitioner's remaining contentions are without merit or have been rendered academic in light of our determination. Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.