■ In the Matter of LUCILLE FIGUEREO, Respondent, v JOSHUA LIPSMAN et al., Appellants. [811 NYS2d 730]—

In a proceeding pursuant to CPLR article 78 to review a determination of Joshua Lipsman, as Commissioner of the Westchester County Department of Health, and the Westchester County Department of Health, dated July 11, 2003, made after a hearing, rejecting the recommendation of a Hearing Officer, dated June 27, 2003, and terminating the petitioner's employment as an office assistant with the Westchester County Department of Health, and a determination of the Westchester County Department of Social Services, dated July 24, 2003, denying the petitioner's request to be reinstated to her former position as a

junior office assistant with the Westchester County Department of Social Services, the appeal is from a judgment of the Supreme Court, Westchester County (Neary, J.), entered December 23, 2003, which granted the petition, annulled and vacated the determinations, and remitted the matter to Joshua Lipsman, as Commissioner of the Westchester County Department of Health, and the Westchester County Department of Health for the imposition of an appropriate penalty.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, Lucille Figuereo, was previously employed by the Westchester County Department of Social Services (hereinafter the DSS) as a junior office assistant from March 2002 until September 2002, when she attained permanent status in that position. On or about November 11, 2002, the petitioner accepted a position at a higher pay grade as an office assistant with the Westchester County Department of Health (hereinafter the DOH) as the result of an open-competitive examination.

Before the petitioner commenced her job in the position of office assistant, another employee of the DOH, who had been employed in the position of receptionist/clerk for 23 years (hereinafter the coworker), was performing some of the work that the position of office assistant required, and applied for the open position. The coworker was unhappy when the petitioner was hired, as she had expected to get the job. Subsequently, a supervisor assigned the task of training the petitioner to the coworker. The supervisor testified that she was aware that the coworker was unhappy about not getting the job and consequently, was having difficulty training the petitioner. The petitioner complained to her supervisors on multiple occasions that the coworker was not properly training her, and requested a job description and supervisor intervention.

Approximately two months later, tensions between the petitioner and coworker escalated into a verbal argument and two of their supervisors held a meeting with them the following day to discuss the matter. According to the testimony of the coworker and her supervisors, during the meeting, while the petitioner was speaking, the coworker called the petitioner a "liar" several times, and when she refused the petitioner's request to stop, the petitioner slapped the coworker in the face with her palm and then with the back of her hand.

The petitioner testified that when they were at the meeting, the coworker repeatedly interrupted her as she tried to speak, cursing and calling her a liar. She testified that she slapped the coworker when the coworker became "hysterical," after which

the petitioner immediately "froze" realizing "it was wrong." Another employee who was outside the conference room where the meeting was held and in earshot of the meeting also testified that the coworker cursed when calling the petitioner a liar. That employee further testified that on prior occasions, the coworker had told her that she was going to make the petitioner "miserable" and not help her because it was the petitioner's fault that she did not get the job. After the incident, the petitioner used the services of the Employee Assistance Program (hereinafter the EAP) and completed an anger management course. The petitioner had never been the subject of any disciplinary proceeding when she was employed at the DSS.

The petitioner was charged with misconduct for assaulting the coworker and a hearing was held pursuant to Civil Service Law § 75. The Hearing Officer found the petitioner guilty of misconduct. The Hearing Officer opined that while he was not minimizing the assault, the DOH "created a situation that . . . [led] to friction between [the petitioner and the coworker and] failed to address the problems as they arose." Consequently, the Hearing Officer determined that dismissal was not an appropriate penalty and recommended a 60-day suspension without pay.

The DOH, while adopting the findings of the Hearing Officer, did not adopt the penalty recommendation and terminated the petitioner from her employment. The petitioner requested that the DSS take her off promotional leave and reinstate her to the position of junior office assistant at the DSS. The DSS denied her request due to her termination of employment following the Civil Service Law § 75 proceeding.

The petitioner commenced this proceeding to review the determinations of the DOH and the DSS and for the imposition of a penalty other than termination. The petitioner sought to be reinstated to her former position with the DOH or, in the alternative, to be reinstated to her former position with the DSS.

The Supreme Court annulled and vacated the determinations of the DOH and the DSS, and remitted the matter to the Commissioner of the DOH and the DOH to impose an appropriate penalty. The Supreme Court, quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County* (34 NY2d 222, 233 [1974]), reasoned that "the penalty imposed herein must be set aside as it is 'so disproportionate to the offense, in light of all circumstances, as to be shocking to one's sense of fairness.' " We agree.

While we do not condone the petitioner's resort to physical force in response to the coworker's verbal provocation, the

penalty of termination imposed was "so disproportionate to the [conduct at issue] as to" shock the court's " 'sense of fairness' " (*Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279, 284 [1978], quoting *Matter of Pell v Board of Educ., supra* at 234). In our view, the DOH did not give sufficient weight to certain mitigating circumstances (*see Matter of Schnaars v Copiague Union Free School Dist.*, 275 AD2d 462 [2000]). Specifically, the DOH failed to recognize the problem it created by assigning the task of training the petitioner to the coworker, who was clearly disgruntled over not having been selected for the job, and then failed to promptly and adequately respond to the petitioner's requests for intervention as the problems between the employees were escalating. In addition, the DOH did not give sufficient weight to the petitioner having been provoked by the coworker (*see Matter of Smith v Board of Educ., Onteora Cent. School Dist.*, 221 AD2d 755, 758 [1995]; *Matter of Pollman v Fahey,* 106 AD2d 771 [1984]), and subsequently seeking help from the EAP (*cf. Kroboth v Sexton,* 160 AD2d 126 [1990]). Under these circumstances, the Supreme Court properly determined that the penalty of termination was inappropriate.

The Supreme Court also properly determined that the DSS improperly refused to reinstate the petitioner to her former position as a junior office assistant. Contrary to the appellants' contention, Westchester County Civil Service rule 11.4 is applicable in this case.

Pursuant to Westchester County Civil Service rule 11.4, the petitioner had the right to return to her prior permanent position at any time during her probationary period. In addition, pursuant to the same rule, the DSS was required to restore her to her former permanent position when her conduct in the probationary position that the DOH was unsatisfactory. The petitioner's appointment to the position of office assistant with the DOH was an interdepartmental promotion pursuant to Westchester County Civil Service rules 10 and 11.3, and therefore, the petitioner was entitled to the benefit of rule 11.4 (*cf. Matter of Bethel v McGrath-McKechnie,* 95 NY2d 7 [2000]). We note in this regard that notwithstanding their contention on appeal, the appellants conceded in their answer to the petition that the petitioner's appointment at the DOH was promotional. In addition, the Westchester County Civil Service Rules do not exempt an employee who is found guilty of misconduct from County rule 11.4. Accordingly, the Supreme Court properly determined that the DSS improperly refused to reinstate the petitioner to her former permanent position as a junior office assistant.

The appellants' remaining contentions are without merit. Cozier, J.P., Crane, Luciano and Skelos, JJ., concur.