■ In the Matter of JOSEPH BACIK, Petitioner, v GREAT NECK WATER POLLUTION CONTROL DISTRICT et al., Respondents. [815 NYS2d 118]—Proceeding pursuant to CPLR article 78 to review a determination of the Great Neck Water Pollution Control District dated April 20, 2004, which, after a hearing, adopted a Hearing Officer's recommendation that the petitioner's employment be terminated.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed on the merits.

"It is well settled that judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence upon the entire record" (*Matter of Liuzzo v State of N.Y. Dept. of Motor Vehs. Appeals Bd.*, 209 AD2d 618 [1994]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Boyd v Constantine*, 81 NY2d 189, 196 [1993], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra* at 180). In addition, the decision of a Hearing Officer to credit the testimony of witnesses is "largely unreviewable by the courts, who are disadvantaged in such matters because their review is confined to a lifeless record" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]; *Matter of Hall v Del Castillo*, 174 AD2d 743 [1991]).

The determination under review is supported by substantial evidence. The imposed penalty of dismissal is not so dispropor-

tionate to the offense as to be shocking to one's sense of fairness (*see Matter of Boyd v Constantine, supra* at 196; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 233 [1974]).

The petitioner's remaining contentions are without merit. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.