■ In the Matter of THOMAS COMPASSO, Petitioner, v SHERIFF OF SULLIVAN COUNTY, Respondent. [814 NYS2d 773]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which found petitioner guilty of incompetency and terminated his employment.

In 2003, respondent presented a notice of discipline to petitioner, then a correction officer at the Sullivan County Jail, charging him with incompetence for failing to secure and lock the door to a housing block in the jail. Two inmates left the block through the unlocked door and chased each other down several flights of stairs, ultimately resulting in injury to a jail supervisor. Following a hearing pursuant to Civil Service Law § 75, a hearing officer found that petitioner left the housing block door unlocked, in violation of jail policy, and recommended petitioner's termination. Respondent accepted that recommendation and terminated petitioner, who then commenced this CPLR article 78 proceeding challenging respondent's determination. Supreme Court transferred the matter to this Court. We confirm.

Petitioner was not denied a fair hearing. Mere allegations of bias are insufficient to require recusal or disqualification of the hearing officer (*see Matter of Schindlar v Incorporated Vil. of*

*Lloyd Harbor*, 261 AD2d 626, 626 [1999]). Although the hearing officer here also presided over petitioner's previous Civil Service Law § 75 hearing involving a similar defense of selective rule enforcement, there is no indication that the hearing officer prejudged this matter (*see Matter of Joseph v Stolzenberg*, 198 AD2d 506, 506 [1993]). Nor was recusal mandated due to the prosecuting Assistant County Attorney's prior role as defense counsel for the hearing officer, as a county employee, in a separate civil action. Because hearing officers are presumed to be free from bias, an appearance of impropriety is insufficient to set aside an administrative determination; petitioner must provide factual support for his claim of bias and prove that the outcome flowed from that bias (*see Matter of Helmer v New York State & Local Employees' Retirement Sys.*, 305 AD2d 949, 950 [2003]; *Matter of Donlon v Mills*, 260 AD2d 971, 974 [1999], *lv denied* 94 NY2d 752 [1999]; *Matter of Goldsmith v DeBuono*, 245 AD2d 627, 631 [1997]). Petitioner failed to make such a showing.

The hearing testimony presented a credibility question. Petitioner testified that he locked the door to the housing block when he went to a nearby dorm. When he unlocked the housing block again to let an inmate in, another inmate rushed out and began attacking the first inmate. Corporal Joseph Trust testified that when he went to talk to petitioner soon after the incident, the housing block door was again unlocked. Petitioner told him that the inmates were chasing each other "around and out the block." When asked how the first inmate got on to the block, petitioner stated that he just went over to the nearby dorm to give instructions to an inmate there. Jail policy required petitioner to lock the housing block before going to the nearby dorm for any reason. Lieutenant William Little testified that according to petitioner, when he returned from the nearby dorm, he saw the two inmates running toward him and he stepped out of the way. When Little informed petitioner that this is why the doors need to be locked, petitioner admitted that he did not secure the door because he just went to the nearby dorm to give instructions to an inmate. Petitioner's incident reports noted that the two inmates ran past him as he was returning to the housing block from the nearby dorm. Notably absent in the reports is any support for his hearing testimony that one inmate was locked in the housing block and he had just unlocked the door to permit the other inmate to enter when the inmate inside ran out and began the attack. Accepting the hearing officer's resolution of conflicting evidence, substantial evidence supports his factual determination that petitioner violated jail policy by leaving the housing block door unsecured (*see Matter of Billings v County of St. Lawrence*, 139 AD2d 809, 810 [1988]).

Considering the security risk related to petitioner's conduct, as well as his prior disciplinary record, the penalty of termination is not so disproportionate to the offense as to shock our sense of fairness (*see id.* at 810-811; *see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.