BRIAN L. HARPER, Appellant, v W.E. REST., INC., Respondent. (Matter No. 1.) In the Matter of W.E. REST., INC., Respondent, v LINDA MERMELSTEIN, Respondent. BRIAN L. HARPER, Nonparty Appellant. (Matter No. 2.) [832 NYS2d 262]—

In an action, inter alia, to enjoin W.E. Rest., Inc., doing business as The Dory Restaurant, from operating The Dory Restaurant until an inspection by the Suffolk County Department of Health Services confirmed that all violations of the Suffolk County Sanitary Code had been corrected (matter No. 1), and a related proceeding pursuant to CPLR article 78, among other things, to review a determination of the Suffolk County Department of Health Services dated April 30, 2004, which, upon adopting the findings of fact, conclusions, and recommendations of a hearing officer dated April 28, 2004, made, inter alia, after a hearing, finding that The Dory Restaurant had committed certain violations of the Suffolk County Sanitary

Code, among other things, ordered The Dory Restaurant closed until all violations had been corrected (matter No. 2), Brian L. Harper, as Commissioner of Health Services, Suffolk County Department of Health Services, appeals from a judgment of the Supreme Court, Suffolk County (Oliver, J.), dated June 29, 2005, which granted the petition in matter No. 2 and, in effect, dismissed the complaint in matter No. 1.

Ordered that the appeal from so much of the judgment as granted the petition in matter No. 2 is dismissed, and so much of the judgment as granted the petition in matter No. 2 is vacated; and it is further,

Adjudged that the petition in matter No. 2 is granted to the extent that (1) the Suffolk County Department of Health Services is directed to renew the food establishment permit of the W.E. Rest., Inc., doing business as The Dory Restaurant, that was issued on March 7, 2003 and expired on March 31, 2004, (2) so much of the determination as (a) affirmed the findings that W.E. Rest., Inc., doing business as The Dory Restaurant, had violated Suffolk County Sanitary Code §§ 760-1307.3, 760-1304.1, 760-1304.2, and 760-307.3 (b) is annulled and the penalties imposed on those violations in the total sum of $2,000 are vacated, and (b) ordered that The Dory Restaurant be closed until all violations were corrected is annulled; the determination is otherwise confirmed, the petition in matter No. 2 is otherwise denied, and the proceeding in matter No. 2 is otherwise dismissed; and it is further,

Ordered that the judgment is modified, on the law and the facts, by adding thereto, after the provision which, in effect, dismissed the complaint in matter No. 1, the words "as academic"; as so modified, the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to W.E. Rest., Inc., doing business as The Dory Restaurant.

Since questions of substantial evidence are involved, matter No. 2 should have been transferred to this Court pursuant to CPLR 7804 (g). However, this Court will treat the matter as one initially transferred here and will review the administrative determination de novo (*see Matter of Weingarten v Crime Victims Bd.*, 22 AD3d 763 [2005]; *Matter of Tutuianu v New York State*, 22 AD3d 503 [2005]; *Matter of Sureway Towing, Inc. v Martinez*, 8 AD3d 490 [2004]; *Matter of Kilafofski v Blackburne*, 201 AD2d 564 [1994]).

The determination of the Suffolk County Department of Health Services (hereinafter the SCDHS) that W.E. Rest., Inc., doing business as The Dory Restaurant (hereinafter the

restaurant), violated Suffolk County Sanitary Code §§ 760-1307.3, 760-1304.1, 760-1304.2, and 760-307.3 (b) was not supported by substantial evidence. Each of those charges was predicated on the restaurant's alleged failure to submit plans to the SCDHS before undertaking certain repairs at the restaurant. The SCDHS failed to demonstrate that those repairs entailed substantial remodeling pursuant to Suffolk County Sanitary Code § 760-1304, such that the restaurant was required to submit the plans to the SCDHS for review and approval before any construction was started. Accordingly, so much of the determination as found that the restaurant violated Suffolk County Sanitary Code §§ 760-1307.3, 760-1304.1, 760-1304.2, and 760-307.3 (b) must be annulled and the penalties imposed on those violations in the total sum of $2,000 vacated.

The determination of the SCDHS that the restaurant operated in excess of its 45-patron maximum capacity, specified on its permit to operate a food establishment, in violation of Suffolk County Sanitary Code § 760-1302 (A), was supported by substantial evidence (see CPLR 7803 [4]; see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]; Matter of Bacik v Great Neck Water Pollution Control Dist., 29 AD3d 573 [2006]) The evidence demonstrated that the seating capacity exceeded the maximum seating capacity of 45 specified on the restaurant's permit by more than 100 seats. Further, the restaurant pleaded guilty with an explanation to that charge without denying the excessive seating. The restaurant's contention that the prior issuance by the SCDHS of a permit limiting its seating capacity to 45 violated its constitutional rights is not properly before this Court (see generally Neuman Distribs. v Jacobi Med. Ctr., 298 AD2d 568 [2002]).

The fines imposed by the SCDHS on the remaining violations were not " 'so disproportionate to the offense[s] as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (see Matter of Waldren v Town of Islip, 6 NY3d 735, 736 [2005], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]; Matter of Kennedy v Bennett, 31 AD3d 764 [2006], lv denied 7 NY3d 718 [2006]). However, the SCDHS's action in directing that the restaurant be closed until all violations were corrected was so disproportionate to the offenses as to constitute an abuse of discretion (see generally Matter of Waldren v Town of Islip, supra at 736; Matter of Pell, supra; Matter of Kennedy v Bennett, supra). The hearing officer and the Commissioner of Health

Services, Suffolk County Department of Health Services failed to consider or assign sufficient weight to a number of mitigating factors, most significantly the SCDHS inspection report dated February 20, 2004, which indicated that most of the violations, and specifically the majority of violations that would constitute "insanitary or other conditions in the operation of a food establishment which constitute a danger to public health" (Suffolk County Sanitary Code § 760-1303 [D]), had been corrected (*see Matter of Figuereo v Lipsman,* 25 AD3d 699, 702 [2006]; *Matter of Goudy v Schaffer,* 24 AD3d 764, 765 [2005]; *Matter of Muraik v Landi,* 19 AD3d 697, 698 [2005]).

The parties' remaining contentions are without merit or have been rendered academic. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.