In the Matter of MARY ELLIS, Petitioner, v KEVIN P. MAHON et al., Respondents. [855 NYS2d 178]—

Although the petition raised a substantial evidence question, the petitioner does not dispute on appeal that there was substantial evidence to support the specifications sustained against her. Instead, she contends that the determination was arbitrary and capricious as the disciplinary charges against her were allegedly the product of selective enforcement. However, the fact that other eligibility examiners in the petitioner's work unit were not disciplined for failing to complete applications on time does not constitute a prior administrative policy to which the Westchester County Department of Social Services (hereinafter DSS) is bound (*cf. Matter of Lantry v State of New York,* 6 NY3d 49, 58 [2005]; *Matter of Charles A. Field Delivery Serv. [Roberts],* 66 NY2d 516, 516-517 [1985]; *Matter of Girard v City of Glens Falls,* 173 AD2d 113, 117 [1991]).

The petitioner contends that the hearing officer was biased by a financial incentive because he was an ad hoc officer appointed by the County. However, there was no evidence in the record that the hearing officer was biased (*see Matter of Compasso v Sheriff of Sullivan County,* 29 AD3d 1064, 1064-1065 [2006]; *Matter of Schindlar v Incorporated Vil. of Lloyd Harbor,* 261 AD2d 626 [1999]).

Nevertheless, even though the charges were properly sustained, the petitioner should not have been terminated from her employment. The evidence did not establish, nor does the re-

spondent suggest, that the petitioner's conduct was motivated by any malice or selfishness, or that it resulted in any "grave injury to the agency involved or to the public weal" (*Matter of Kelly v Safir*, 96 NY2d 32, 39 [2001]; *see Matter of Goudy v Schaffer*, 24 AD3d 764 [2005]; *Matter of Muraik v Landi*, 19 AD3d 697 [2005]). Furthermore, in view of the petitioner's 18 years of service for DSS, the absence of any other disciplinary proceedings against her, as well as other mitigating circumstances, the penalty of termination or even suspension of employment, given the financial implications, is so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233-235 [1974]; *Matter of Goudy v Schaffer*, 24 AD3d 764, 765 [2005]). Accordingly, we grant the petition to the extent indicated, and remit the matter to the respondents for the imposition of a penalty less severe than either termination or suspension of the petitioner's employment. Skelos, J.P., Lifson, Santucci and Covello, JJ., concur.