■ In the Matter of JOSEPH VIDAL, Petitioner, v WILLIAM A. LEE, Superintendent, Green Haven Correctional Facility, et al., Respondents. [55 NYS3d 398]—

Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility dated November 4, 2014, which affirmed a determination of a hearing officer dated October 29, 2014, made after a tier II disciplinary hearing, finding the petitioner guilty of violating certain institutional rules of conduct (*see* 7 NYCRR 270.2 *et seq.*) and imposing penalties, and a determination of the Acting Commissioner of the Department of Corrections and Community Supervision dated February 11, 2015, which affirmed a determination of a hearing officer dated December 31, 2014, made after a tier III disciplinary hearing, finding the petitioner guilty of violating certain institutional rules of conduct (*see* 7 NYCRR 270.2 *et seq.*) and imposing penalties.

Adjudged that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Preliminarily, we note that the Supreme Court should not have transferred this proceeding to this Court pursuant to

CPLR 7804 (g), as the petition did not raise a question of substantial evidence (see Matter of Sasso v Osgood, 86 NY2d 374, 384 [1995]; Matter of Haberman v Zoning Bd. of Appeals of Town of E. Hampton, 85 AD3d 1170, 1170 [2011]). Nevertheless, this Court will retain jurisdiction and decide the merits of the petition in the interest of judicial economy (see Matter of Haberman v Zoning Bd. of Appeals of Town of E. Hampton, 85 AD3d at 1170; Matter of Davis v Roldan, 54 AD3d 944, 945 [2008]).

The petitioner challenges the constitutionality of the institutional rule of conduct prohibiting harassment (rule 107.11), which prohibits inmates from "writing or otherwise communicating messages of a personal nature to an employee" (7 NYCRR 270.2 [B] [8] [ii]). However, "an inmate rule is not unconstitutionally vague if it informs a reasonable person of the nature of the offense prohibited and what is required of him or her. The test as to vagueness is whether the statute provides an adequate warning as applied in a specific situation, even though marginal cases might give rise to some doubt" (Matter of Mitchell v Fischer, 300 AD2d 490, 490 [2002] [citations omitted]; see State of New York v Dennin, 17 AD3d 744, 747 [2005]). Here, the petitioner was given adequate notice that each of the disciplinary proceedings arose from a situation in which he directed unsolicited and unnecessary correspondence to a civilian employee of the correctional facility that was personal in nature. Under the circumstances of this case, including that the petitioner sent the correspondence using the employee's nickname, and relaying information that was not necessary for any official prison business between the inmate and the employee, a reasonable inmate would understand the nature of the personal messages prohibited by the rule (see People v Miller, 106 AD2d 787, 789 [1984]; cf. Matter of Fulton v Chase, 115 AD3d 1033, 1035 [2014]).

Contrary to the petitioner's contention, there is no basis upon which to conclude that the hearing officer at the tier III disciplinary hearing was biased against him. The mere fact that the hearing officer ruled against the petitioner does not establish bias (see Matter of De La Cruz v Selsky, 36 AD3d 907 [2007]; Matter of Goncalves v Donnelly, 9 AD3d 721, 722 [2004]).

Contrary to the petitioner's contention, the misbehavior reports underlying the subject determinations were sufficiently specific to provide him with notice of the alleged incidents of misbehavior involved (see 7 NYCRR 251-3.1 [c] [1]; Matter of Browne v Capra, 137 AD3d 1274, 1275 [2016], citing Matter of Anekwe v Ercole, 74 AD3d 1335 [2010]).

The petitioner's remaining contentions are without merit. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.