Matter of McMaster v Town of Islip (2025 NY Slip Op 04010)

Matter of McMaster v Town of Islip

2025 NY Slip Op 04010

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2022-06660
 (Index No. 604600/22)

[*1]In the Matter of Travis McMaster, respondent, 
v
Town of Islip, appellant.

Michael P. Walsh, Town Attorney, Islip, NY (Taryn L. Jewell and William D. Wexler of counsel), for appellant.
Isaacs Devasia Castro & Wien, LLP, New York, NY (Liam L. Castro of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Town of Islip dated February 3, 2022, as adopted so much of a recommendation of a hearing officer dated December 28, 2021, made after a hearing pursuant to Civil Service Law § 75, and upon a finding that the petitioner was guilty of misconduct and insubordination, as terminated the petitioner's employment with the Town of Islip, the Town of Islip appeals from a judgment of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated August 2, 2022. The judgment granted the petition, annulled the penalty, and remitted the matter to the Town of Islip for the imposition of a less severe penalty.
ORDERED that the judgment is affirmed, with costs.
The petitioner was a Town of Islip employee for approximately five years and held multiple positions in the Town's Department of Environmental Control and Department of Public Works, the last of which was heavy equipment operator. In September 2021, the Town filed disciplinary charges against the petitioner, charging him with, inter alia, misconduct and insubordination related to alleged absences from work without leave.
On December 28, 2021, after a hearing pursuant to Civil Service Law § 75, a hearing officer found the petitioner guilty of misconduct and insubordination for all charges and recommended that the petitioner be terminated from employment. The Town's Deputy Commissioner of the Department of Public Works adopted the findings of the hearing officer, and, by a final termination letter dated February 3, 2022, the petitioner was terminated.
Thereafter, the petitioner commenced this CPLR article 78 proceeding to annul the determination to terminate his employment and to remit the matter to the Town for the imposition of a more appropriate penalty or for a hearing pursuant to CPLR 7804(h). In a judgment dated August 2, 2022, the Supreme Court granted the petition, annulled the penalty, and remitted the matter to the Town for the imposition of a less severe penalty. The Town appeals.
Contrary to the Town's contention, the Supreme Court was not required to transfer [*2]the proceeding to this Court pursuant to CPLR 7804(g), as the petition did not raise a question of substantial evidence (see Matter of Vidal v Lee, 150 AD3d 1248, 1248-1249; Matter of Dabulis v New York City Tr. Auth., 222 AD2d 433, 433). The petitioner does not argue that the charges were not supported by substantial evidence. The petition is confined to the issue of whether the determination to terminate the petitioner from employment was an abuse of discretion pursuant to CPLR 7803(3), and the petitioner's arguments therein concern alleged circumstances that mitigate against the penalty imposed. Pursuant to CPLR 7803(3), the Supreme Court is empowered to review, among other things, whether an administrative action "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed" (id.; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County, 34 NY2d 222, 231). Accordingly, it was proper for the court to make the determination of whether the penalty imposed was an abuse of discretion (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County, 34 NY2d at 231; Matter of Vidal v Lee, 150 AD3d at 1248-1249).
A court may set aside an administrative penalty only if "it is so disproportionate to the offense . . . as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Kreisler v New York City Tr. Auth., 2 NY3d 775, 776 [internal quotation marks omitted]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County, 34 NY2d at 237). "[A] result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals. Additional factors would be the prospect of deterrence of the individual or of others in like situations, and therefore a reasonable prospect of recurrence of derelictions by the individual or persons similarly employed" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County, 34 NY2d at 234). "Consideration of the length of employment of the employee, the probability that a dismissal may leave the employee without any alternative livelihood, his [or her] loss of retirement benefits, and the effect upon his [or her] innocent family, all play a role, but only in cases where there is absent grave moral turpitude and grave injury to the agency involved or to the public weal" (id. at 235).
Here, contrary to the Town's contention, under the circumstances of this case, the imposed penalty of termination is so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Muraik v Landi, 19 AD3d 697, 698; Matter of Schnaars v Copiague Union Free School Dist., 275 AD2d 462, 463).
Accordingly, the Supreme Court properly granted the petition, annulled the penalty, and remitted the matter to the Town for the imposition of a less severe penalty.
The Town's remaining contention need not be reached in light of our determination.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court